786 A.2d 691

**Steven Howard OKEN**

v.

**STATE of Maryland.**

**Nos. 5 and 27 Sept. Term 2001.**

Court of Appeals of Maryland.

Dec. 14, 2001.

Reconsideration Denied Jan. 4, 2002.

Fred Warren Bennett (Michael E. Lawlor of Bennett & Nathans, LLP, on brief) of Greenbelt, for appellant.

Ann N. Bosse, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief) of Baltimore, for appellee.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

WILNER, Judge.

Fourteen years after he sexually assaulted and murdered Dawn Garvin in her home in Baltimore County, almost eleven years after he was convicted of that murder and sentenced to death by a jury in the Circuit Court for Baltimore County, nine years after we affirmed both the murder conviction and the sentence of death, and five years after we concluded in his appeal from the denial of post-conviction relief that no error warranting relief was committed, Steven Howard Oken is back before us, seeking a new sentencing hearing. This time, he claims that, by reason of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Maryland's capital punishment law, under which he was sentenced, is in violation of both the Federal and State Constitutions. He urges that, for a number of reasons, *Apprendi* renders the statutory scheme invalid, that the Supreme Court's decision, filed in 2000, applies retroactively to his case, and that he should be excused from his failure to raise the argument he now makes to us at his trial, in his direct appeal, or in any of the earlier applications for post-conviction or habeas corpus relief.

For the reasons that we recently stated in *Borchardt v. State,* 367 Md. 91, 786 A.2d 631 (2001), we conclude that *Apprendi* is *not* applicable and does not invalidate the State's capital punishment law. We therefore do not need to reach the question of whether that decision should be applied retroactively to Oken's case or whether Oken waived any right to present the complaints that he claims emanate from *Apprendi.*

## BACKGROUND

On November 1, 1987, Oken sexually assaulted and murdered Dawn Garvin in her home in Baltimore County.[1] In

light of his plea of not criminally responsible, the trial was bifurcated, with the question of guilt or non-guilt being taken up first. On January 18, 1991, after a trial on four counts arising from the incident, a jury in the Circuit Court for Baltimore County found Oken guilty of first degree murder, first degree sexual assault, burglary, and use of a handgun in a crime of violence. On January 21, 1991, Oken elected a bench trial on the criminal responsibility issue, and, after a hearing on that matter, Judge James T. Smith found that he was criminally responsible on all four counts. The same jury that resolved the issue of guilt then found that he was a principal in the first degree in Ms. Garvin's death and sentenced Oken to death on the first degree murder conviction.[2]

On September 17, 1992, this Court, on direct review of the judgments entered against him, overturned the burglary conviction for lack of sufficient evidence but affirmed the other convictions and the sentence of death. *See Oken v. State,* 327 Md. 628, 612 A.2d 258 (1992), *cert. denied,* 507 U.S. 931, 113 S.Ct. 1312, 122 L.Ed.2d 700 (1993) *(Oken I )*.

On October 19, 1993, Oken filed a Petition for Post Conviction Relief in the Circuit Court for Baltimore County pursuant to Maryland Code, Art. 27, § 645A, alleging that, for over 50 various reasons, his conviction, sentence, and confinement were unlawful and unconstitutional under both the Federal and Maryland constitutions. On May 5, 1994, the court (Judge Dana Levitz), applying the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), found that trial counsel's decisions regarding Oken's defense fell within the ambit of the objective standard of reasonableness in the profession and that a substantially

---

1. Oken has been convicted of murdering two other women as well— Lori Ward in Maine and Patricia Hirt in Baltimore County. We do not address those murders or convictions in this case.

2. Oken also received a life sentence for the first degree sexual offense and two consecutive terms of twenty years for the burglary and handgun convictions.

different outcome would not have occurred had counsel acted differently. Judge Levitz stated:

"Petitioner's trial counsel ... did an admirable job considering the case he was faced with and the problems Petitioner presented. Petitioner's appellate counsel also did a fine job in presenting a weak case to the court of appeals. It is also clear from the transcript that Judge Smith went out of his way to ensure Petitioner received a fair trial.... In fact, the fine performances by all involved in this case makes Petitioner's conviction and sentence all the more credible."

*State v. Oken,* No. 89CR3102, slip op. at p. 29–30 (Balt. County Cir. Ct. May 5, 1994); R., Case No. 27, at 1461–62.

Oken sought leave to appeal, which we granted. We found no error, however, and thus affirmed the denial of relief. *See Oken v. State,* 343 Md. 256, 681 A.2d 30 (1996), *cert. denied,* 519 U.S. 1079, 117 S.Ct. 742, 136 L.Ed.2d 681 (1997) (*Oken II* ). Oken thereafter filed a Motion For Reconsideration, which this Court denied on July 25, 1996.

On February 27, 1997, Oken filed a petition for writ of habeas corpus with the U.S. District Court for the District of Maryland. *See Oken v. Nuth,* 30 F.Supp.2d 877, 879–80 (D.Md.1998) (detailing the procedural history of Oken's habeas corpus petition, including Oken's motion to declare Maryland a non-opt-in State under the Anti Terrorism and Death Penalty Act). The District Court rejected his complaints and denied relief. *See Oken v. Nuth,* 64 F.Supp.2d 488, 513–14 (D.Md. 1999). That decision was later affirmed by the U.S. Court of Appeals for the Fourth Circuit. *See Oken v. Corcoran,* 220 F.3d 259, 271 (4th Cir.2000), *cert. denied,* 531 U.S. 1165, 121 S.Ct. 1126, 148 L.Ed.2d 992 (2001) (*Oken III* ).

On February 21, 2001, Oken filed two separate motions in the Circuit Court for Baltimore County—one, a motion to reopen his post-conviction case and the other a motion to correct an illegal sentence and award him a new sentence hearing. Both were grounded on the assertion that the recent decision of the U.S. Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),

rendered his sentencing proceeding invalid. In the post-conviction case, Oken argued that the indictment returned in his case was structurally defective in that it failed to state the first degree sexual offense as an aggravating factor or that Oken was a principal in the first degree. R., Case No. 5, at 5–7. He contended further that, under the standards set forth in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), *Apprendi* provided a "watershed rule of law" and therefore applied retroactively to his case. R., Case No. 5, at 7–9. For these reasons, Oken contended his sentence was illegal. After a hearing, Judge Levitz denied the motion, concluding that *Apprendi* had no application to the Maryland capital sentencing law. Tr., Levitz, at p. 16 (March 21, 2001).

In his motion to correct an illegal sentence, filed pursuant to Maryland Rules 4–345(a) and (b), Oken contended that *Apprendi* invalidated Maryland's death penalty scheme. He urged that the maximum penalty for first degree murder was life imprisonment, with or without parole, and that the weighing of aggravating and mitigating factors was a "fact" which increased that penalty to death. R., Case No. 5, at 39–40. Therefore, as the weighing process was neither charged in the indictment nor proven beyond a reasonable doubt, he urged his sentence was illegal. *Id.* at 48. In arguing the motion, he posited, "Our argument is, . . ., that any fact which increases the prescribed *range* of penalties must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt." Tr., Smith, at p. 3 (March 21, 2001) (emphasis added). As support, Oken cited several Federal drug cases in which Federal courts overturned sentences based on *Apprendi* where a judge's finding of a particular fact increased a defendant's mandatory minimum sentence or the alleged fact was not contained in the indictment. *Id.* at pp. 5–6, 13–15. His argument was that, to pass muster under *Apprendi,* the indictment must "include the capital murder language," allege that the defendant is a principal in the first degree, and allege further the aggravating circumstances upon which the State intends to rely. *Id.* at p. 15. Because the indictment in his

case did not contain these key elements, Oken argued that the indictment was structurally defective. *Id.* at p. 17.

On February 23, 2001, Oken, *pro se,* filed a Motion for a New Trial pursuant to Maryland Rule 4–331(b), claiming that the indictment in his case was mistaken or irregular based on the rule of law announced in *Apprendi.* R., Case No. 5, at 64. He repeated his complaint about the failure of the indictment to allege the capital nature of the offense, the aggravating factors, and his principalship, but added that the notice of intention to seek the death penalty, delivered to him after the indictment was filed, constituted a constructive, and invalid, amendment to the indictment. *Id.* at 71–73.

On March 21, 2001, following a hearing on the motion to correct illegal sentence and for a new sentencing hearing, Judge James T. Smith denied relief, concluding, as had Judge Levitz, that *Apprendi* did not invalidate Maryland's capital punishment law. He determined that the statute did not create a new "element" to the crime of first degree murder that was required to be alleged in the indictment and proved beyond a reasonable doubt. Tr., Smith, at p. 26 (March 21, 2001).

Finally, as to the Motion for a New Trial based on mistake or irregularity, Judge Smith found that jurisdiction was not proper, and alternatively, and for the same reason stated with respect to the motion to correct illegal sentence, *Apprendi* did not apply. *Id.* at pp. 28, 30.

Oken sought leave to appeal the decision of Judge Levitz denying his motion to reopen the post-conviction case, which we granted, and he filed a direct appeal from Judge Smith's rulings denying the motions to correct illegal sentence and for new trial.

Iterating, extending, and clarifying the arguments he made below, Oken presents five arguments to us, some of which have sub-parts. He contends:

(1) In light of *Apprendi,* the Maryland death penalty statute is unconstitutional on its face because it provides that a

sentence of death may be imposed if the State proves that the aggravating factors outweigh any mitigating factors by only a preponderance of the evidence. In this regard, he argues that, under the Maryland statute, the court or jury must make additional findings of fact beyond those found in the verdict of guilty and those additional findings "serve to increase the range of punishment the defendant faces, thereby implicating *Apprendi*." He asserts further that the weighing process, itself, is a factual determination and thus a "finding" for purposes of *Apprendi*. Because Maryland employs a weighing process, he urges that, as a matter of due process, the determination that the aggravating factors outweigh the mitigating factors must be made beyond a reasonable doubt.

(2) In light of *Apprendi*, the indictment was defective because it failed (i) to. name Oken as a principal in the first degree, and (ii) to list the aggravating factors upon which a sentence of death was to be based.

(3) *Apprendi* must be applied retroactively to his case, even on collateral review, because *Apprendi* "represents a watershed rule of Constitutional law that fundamentally alters the standard of proof and the manner in which capital sentencing hearings are to be conducted in this State."

(4) If *Apprendi* does apply to the death penalty statute but is not to be applied retroactively, special circumstances exist which excuse Oken's failure to raise the standard of proof issue on direct appeal or in previous post-conviction proceedings.

(5) In light of the "spirit of *Apprendi* " and as a matter of fundamental fairness, this Court should hold, under Article 24 of the Maryland Declaration of Rights, that no sentence of death is permissible unless the finder of fact unanimously finds beyond a reasonable doubt that the aggravating factors outweigh mitigating factors; *i.e.*, that we should apply his interpretation of *Apprendi* as a matter of State Constitutional law.

As noted at the beginning of this Opinion, we recently held in *Borchardt v. State, supra,* that *Apprendi* does not serve to

invalidate the Maryland death penalty law-that, whether good policy or bad, the legislative judgment to establish preponderance as the standard for weighing aggravating factors against mitigating factors does not constitute a violation of due process of law. That holding controls and disposes of this case. Because, on the basis of *Borchardt*, we reject Oken's first contention, we need not address any of his other arguments. The rulings of the Circuit Court on the issues before us are affirmed.

JUDGMENTS IN NOS. 5 AND 27 AFFIRMED, WITH COSTS.

BELL, C.J., ELDRIDGE, J., and RAKER, J., dissent for the reasons set forth in the dissenting opinion of RAKER, J., in *Borchardt v. State*, 367 Md. 91, 786 A.2d 631 (2001).