861 A.2d 48

**Wesley Eugene BAKER**

v.

**STATE of Maryland.**

**No. 14, Sept. Term, 2004.**

Court of Appeals of Maryland.

Oct. 8, 2004.

Order Granting Reconsideration Nov. 10, 2004.

William B. Purpura, Assigned Public Defender (Gary W. Christopher, First Asst. Fed. Public Defender, Franklin W. Draper, Asst. Fed. Public Defender, on brief), for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

CATHELL, J.

The appeal now before us is petitioner's fourth before this Court concerning his 1992 conviction and subsequent sentence of death in the Circuit Court for Harford County for the June 6, 1991 murder of Jane Tyson.[1] *See Baker v. State,* 332 Md. 542, 632 A.2d 783 (1993), *cert. denied,* 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994) *("Baker I")* (direct appeal); *Baker v. State,* 367 Md. 648, 790 A.2d 629 (2002), *cert. denied,* 535 U.S. 1050, 122 S.Ct. 1814, 152 L.Ed.2d 817 (2002) *("Baker II ")* (application for leave to appeal denials of motion for new sentencing based on newly discovered evidence and motion to correct illegal sentence based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)); *Baker v. State,* 377 Md. 567, 833 A.2d 1070 (2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1673, 158 L.Ed.2d 370 (2004) *("Baker III ")* (application for leave to appeal denials of motions to quash sentence and execution of warrant on ground that sentencing judge had changed residence to a county where he failed to satisfy residency requirement of State constitution).

The prior appeal that bears the most relation to the present one, *Baker II,* was the result of Baker filing two motions in the Circuit Court for Harford County, one of the motions, entitled "Motion to Correct Illegal Sentence and/or for New Sentencing Based Upon Mistake and Irregularity,"[2] address-

---

1. We find no need to once again extensively discuss the facts concerning Baker's act of murdering Mrs. Tyson and the aftermath of that crime, as the murder and the circumstances regarding Baker's subsequent arrest and trial were thoroughly discussed in *Baker I, Baker II* and *Baker III.*

2. Maryland Rule 4–345, which Baker relied upon in that earlier motion and now relies on in the appeal presently before us, states in relevant part:

ing the applicability of *Apprendi* to the Maryland death penalty law. This Court granted Baker's Application for Leave to Appeal and, on February 7, 2002, denied relief on the *Apprendi* claim. A petition for *Writ of Certiorari* was denied by the United States Supreme Court on May 6, 2002. *Baker v. Maryland*, 535 U.S. 1050, 122 S.Ct. 1814, 152 L.Ed.2d 817 (2002).

On October 22, 2003, Baker filed in the Circuit Court for Harford County a "Motion to Correct Illegal Sentence and For New Sentencing Based Upon Mistake or Irregularity." The motion argued that the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), overruled, *sub silentio,* this Court's decision in *Baker II*.[3] On December 19, 2003, the circuit court denied the Motion to Correct Illegal/Irregular Sentence.[4] Baker thereafter filed a Notice of Appeal to this Court on January 14, 2004.

Baker presents the following questions for our review:

"1. Whether Maryland's Death Penalty Statute is now unconstitutional on its face or as applied because it allows a sentence of death to be imposed if the State proves only that the aggravating factors outweigh any mitigating factors by a preponderance of the evidence?

---

"**Rule 4–345. Sentencing—Revisory power of court.**

(a) **Illegal sentence.** The court may correct an illegal sentence at any time.

(b) **Modification or reduction—Time for.** The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (e) of this Rule."

3. We addressed the *Ring* issue in *Oken v. State*, 378 Md. 179, 835 A.2d 1105 (2003), and held that *Ring's* holding did not invalidate the Maryland Death Penalty statute, *see discussion infra.*

4. A "Motion for Reconsideration and Request for a Hearing" was denied by the circuit court on January 9, 2004.

2. Because the Maryland Death [Penalty] Statute requires a sentence of death upon a finding that aggravation outweighs mitigation by a preponderance of the evidence, does it operate to deprive [Baker] of his life and liberty contrary to the law of the land and in violation of his Due Process Rights under Article 24 of the Maryland Declaration of Rights?

3. Was [Baker's] waiver of jury sentencing involuntary because [Baker] misunderstood and was not advised as to the burden of proof governing the weighing of aggravating and mitigating circumstances?" [Alterations added.]

We hold that Baker's challenge to the preponderance of the evidence standard that is used when weighing aggravating circumstances against mitigating circumstances during the sentencing proceeding in death penalty cases is not a proper issue in this case. The circuit court found that no mitigating circumstances existed. Therefore there was no balancing and an improper standard or any standard could not have been applied. Because no mitigating circumstances were found by the circuit court, there was no weighing of the aggravating and mitigating factors prior to Baker receiving a sentence of death. A weighing of factors never played a role in Baker's sentencing.

We also hold again that, for the reasons that we recently stated in *Oken v. State*, 378 Md. 179, 835 A.2d 1105 (2003) (*"Oken IV"*), Maryland's use of a preponderance of the evidence standard in the weighing of aggravating against mitigating factors, even if we were to assume that such a weighing occurred before Baker's sentencing in this case, is not unconstitutional and does not invalidate the State's capital punishment law. Because the capital punishment law is not unconstitutional as alleged, we do not need to once again consider the question of whether Baker's waiver of jury sentencing was involuntary, a claim which we previously rejected in *Baker II*.

## II. Discussion

■ Petitioner argues that he should have been more fully advised of the balancing process employed in the sentencing proceeding in death penalty cases before he made his decision to select a sentencing before a judge. As stated, the issue of voluntariness was already discussed extensively in *Baker v. State*, 367 Md. 648, 790 A.2d 629 (2002) (*"Baker II "*), where we stated that "[a]fter an examination of the waiver colloquy between the trial court and Baker … and considering the totality of the circumstances, we hold that Baker made a knowing and voluntary waiver [of his right to jury sentencing]." *Id.* at 691, 790 A.2d at 654 (alteration added). That colloquy included advice to petitioner by the trial judge that " '[t]o be considered, there must be proof of the existence of any of these [mitigating] circumstances by preponderance of the evidence. This burden exists whether the sentencer is the Court or the jury.' " *Id.* at 659, 790 A.2d at 635 (alteration added). This was the correct advice on the burden in respect to establishing mitigating factors.

Although that previous appeal was brought because of an *Apprendi*-based contention that "the aggravating circumstances must outweigh the mitigating circumstances beyond a reasonable doubt in compliance with *Apprendi,*" we held that *Apprendi* did not apply and that the sentencing judge's remarks that "if mitigating factors 'outweighed' aggravating factors, the sentence could not be death" was the functional equivalent of explaining the preponderance standard to Baker. *Id.* at 690–93, 790 A.2d at 654–56. Because today we reaffirm our holding in *Oken v. State*, 378 Md. 179, 835 A.2d 1105 (2003), that the Supreme Court's decision in *Ring* does not invalidate the Maryland capital punishment law's use of a preponderance of the evidence standard when weighing aggravating factors against mitigating factors in a sentencing proceeding. The holding regarding the voluntariness of Baker's waiver of jury sentencing in *Baker II* continues to be controlling and we need not address it further. Again, we hold that Baker's selection of sentencing by the court was intelligently and voluntarily made.

■ There is also no issue properly extant in this case as to what balancing standard should be used when weighing aggravating factors against mitigating factors, under either the federal or State constitutions, where there is no finding by either *the court or the jury that at least one mitigating factor exists.* Because Baker, after being correctly advised of the applicable standards, voluntarily elected to waive his right to jury sentencing and chose instead sentencing by the court, Baker was bound, as to the issue as raised in this appeal, by the court's decision as to whether any mitigating factors had been shown by Baker to exist. The "balancing" of factors plays no part in the initial determination by the sentencing entity as to whether any mitigating factors exist. When no mitigating factors are found balancing is a non sequitur. The judge presiding over the trial in the circuit court and the subsequent sentencing proceeding, Judge Cypert O. Whitfill, explained in extensive detail his sentencing decision, explaining in each instance why there was no statutory mitigator, including so-called "catch all" mitigators:

"The aggravating circumstances of which notice was given by the State was that the Defendant committed the murder while committing, or attempting to commit, robbery, arson, rape in the first degree and sexual offense in the first degree.[5] I find it is proven beyond a reasonable doubt that the Defendant committed this murder while attempting to commit robbery, based upon the verdict of the jury, as well as upon my own review of the evidence. So, the aggravating circumstance relied upon by the State is proven.

---

5. At the time of Baker's murder of Jane Tyson, Md.Code (1957, 1987 Repl.Vol., 1991 Cum.Supp.), Art. 27, § 413(d) provided, in pertinent part:

"(d) *Consideration of aggravating circumstances.*—In determining the sentence, the court or jury, as the case may be, shall first consider whether, beyond a reasonable doubt, any of the following aggravating circumstances exist:

. . .

(10) The defendant committed the murder while committing or attempting to commit a robbery, arson, rape or sexual offense in the first degree."

"As to the mitigating circumstances,[6] number one, is a finding that where the Defendant has not previously been found guilty of a crime of violence, entered a plea of guilty or Nolo contendere to a crime of violence, or been granted probation on a stay of judgment pursuant to a charge of a crime of violence, not only do I find by a preponderance of the evidence that such facts do not exist, but the evidence shows that the Defendant has been convicted and served substantial time upon a charge of Armed Robbery, which is a crime of violence within the definition of that mitigator. So, *I find that does not exist by a preponderance of the evidence.*

---

6. At the time of Baker's murder of Jane Tyson, Md.Code (1957, 1987 Repl.Vol., 1991 Cum.Supp.), Art. 27, § 413(g) explained what constituted a mitigating circumstance for use in sentencing:

"(g) *Consideration of mitigating circumstances.*—If the court or jury finds, beyond a reasonable doubt, that one or more of these aggravating circumstances exist, it shall then consider whether, based upon a preponderance of the evidence, any of the following mitigating circumstances exist:

(1) The defendant has not previously (i) been found guilty of a crime of violence; (ii) entered a plea of guilty or nolo contendere to a charge of a crime of violence; or (iii) had a judgment of probation on stay of entry of judgment entered on a charge of a crime of violence. As used in this paragraph, 'crime of violence' means abduction, arson, escape, kidnapping, manslaughter, except involuntary manslaughter, mayhem, murder, robbery, or rape or sexual offense in the first or second degree, or an attempt to commit any of these offenses, or the use of a handgun in the commission of a felony or another crime of violence.

(2) The victim was a participant in the defendant's conduct or consented to the act which caused the victim's death.

(3) The defendant acted under substantial duress, domination or provocation of another person, but not so substantial as to constitute a complete defense to the prosecution.

(4) The murder was committed while the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired as a result of mental incapacity, mental disorder or emotional disturbance.

(5) The youthful age of the defendant at the time of the crime.

(6) The act of the defendant was not the sole proximate cause of the victim's death.

(7) It is unlikely that the defendant will engage in further criminal activity that would constitute a continuing threat to society.

(8) Any other facts which the jury or the court specifically sets forth in writing that it finds as mitigating circumstances in the case."

"The second mitigating factor is the victim was a participant in the Defendant's conduct or consented to the act which caused the victim's death. *I find by a preponderance of the evidence this circumstance does not exist.* The victim was, in no way, a participant or consenting in any way to the Defendant's conduct.

"Number three; the Defendant acted under substantial duress, domination, or provocation of another person, even though not so substantial as to constitute a complete defense to the prosecution. *I find by a preponderance of the evidence that that circumstance does not exist.*

"The murder was committed while the capacity of the Defendant to appreciate his criminality of his conduct or to conform to his or her conduct to the requirements of law was substantially impaired as a result of mental incapacity, mental disorder, or emotional disturbance. The only evidence I have of the Defendant's mental capacity or emotional status is the Presentence Investigation Report, but, certainly, that report finds nothing to suggest in any way that the Defendant was impaired. So, *I find by a preponderance of the evidence that circumstance does not exist.*

"Number five, the Defendant was of a youthful age at the time of the crime. *I find by a preponderance of the evidence that circumstance does not exist.* His chronological age and his experience all place him in the category he was not of a youthful age.

"Number six, the acts of the Defendant were not the sole proximate cause of the victim's death. *I find by a preponderance of the evidence that circumstance does not exist.* Jane Tyson died because of a bullet wound from a gun placed to her head. That was placed there by the Defendant, and he is the person that pulled the trigger.

"Number seven; it is unlikely that the Defendant will engage in further criminal activity that would constitute a continuing threat to society. *I find by a preponderance of the evidence that that circumstance does not exist,* and I will comment upon that.

"I did have evidence of Dr. Johnson stating his opinion that lifers—nine out of ten lifers—make the adjustment and do not violate the rules of the institution, and, therefore, are not a threat to either the inmates or guards. Dr. Johnson's statistics proved together those serving anywhere from twenty years or more on to people on life without parole, and there is no break out of the separating the people that are there on life without parole from the other so-called lifers. Dr. Johnson did acknowledge those who were on life without parole having a more difficult time in adjusting than those that have some possibility of parole.

"Dr. Johnson had very little information about this Defendant, specifically, other than his institutional records from prior incarcerations. I acknowledge that those records did not show violence, involving acts of violence, while in the institution, and that he did not have a great number of violations.

"Past conduct is one of the indicators of future conduct, and we have the Defendant's conduct that, in fact, has placed him here at this point. That is, the murder of Jane Tyson. When I look at the manner in which this was carried out and the circumstances under which it was carried out, it causes me grave concern as to the threat that Mr. Baker poses to society. He had served a substantial incarceration for Armed Robbery. He has made a decision to commit another Armed Robbery.

"I think he can know that if he committed, or was caught and convicted of, another Armed Robbery, he would be serving a very substantial period of time, and I think the decision was made that eliminated the witness was the preferable way to go. He would up the ante, take his chances on a murder charge, opposed to just the Armed Robbery charge. So, I think he is willing to up the stakes to achieve what he wants.

"My observation of Mr. Baker is he showed very little emotion throughout this trial, and, in fact, the most emotion that I have seen Mr. Baker display is when there was disagreement between him and counsel over whether or not

certain evidence should be presented. So, when being crossed, he showed more emotion than he did when displaying the pictures of the body of Jane Tyson. It indicated to me when crossed there can be a problem.

. . .

"So, *I find reason number seven on the verdict sheet does not exist.*

. . .

"So that *my finding is that none of the mitigating factors have been proven by a preponderance of the evidence.* I, quite frankly, cannot think of other factors that would cause me to make a finding that there is some other mitigation.

"Having found that the Defendant is guilty of First Degree Murder, that the Notice of Attempt to Seek Death has been given, that the aggravating circumstances included in the Notice [have] been proved beyond a reasonable doubt and to a moral certainty, *and that no mitigation has been proven*, the sentence required by law is one of death." [Alteration added.] [Emphasis added.] [Footnote added.]

As can be seen from Judge Whitfill's thorough explanation, nothing that Baker was able to present to the circuit court evidenced a mitigating factor that needed to be weighed against an aggravating factor by the court before the making of its decision as to whether a sentence of death was proper. Under Md.Code (1957, 1987 Repl. Vol, 1991 Cum.Supp.), Art. 27, § 413(h),[7] the finding of at least one mitigating factor by a preponderance of the evidence was required before any weighing of aggravating against mitigating factors could occur. The statute stated:

"(h) *Weighing mitigating and aggravating circumstances.*—(1) *If the court or jury finds that one or more of these mitigating circumstances exist,* it shall determine

___

7. We cite to the 1987 replacement volume with the 1991 cumulative supplement because that was the volume in effect at the time of the murder.

whether, by a preponderance of the evidence, the mitigating circumstances outweigh the aggravating circumstances.

(2) If it finds that the mitigating circumstances do not outweigh the aggravating circumstances, the sentence shall be death.

(3) If it finds that the mitigating circumstances outweigh the aggravating circumstances, a sentence of death shall not be imposed." [8] [Emphasis added.]

In the case *sub judice*, the circuit court specifically stated that it did not find, by a preponderance of the evidence, that any mitigating circumstances existed. Therefore, Baker's contention that the preponderance of the evidence standard used in the weighing of aggravating factors against mitigating circumstances under the statute is unconstitutional is inappropriate due to the simple fact that *the circuit court found no mitigating factors to exist. See Blystone v. Pennsylvania,*

---

**8.** The weighing statute presently exists as Md.Code (2002, 2004 Supp.), § 2-303(i) of the Criminal Law Article, which states:

"(i) *Findings; documentation of decision.*—(1) If the court or jury finds that one or more of the mitigating circumstances under subsection (h) of this section exists, it shall determine by a preponderance of the evidence whether the aggravating circumstances under subsection (g) of this section outweigh the mitigating circumstances.

(2) If the court or jury finds that the aggravating circumstances:

(i) outweigh the mitigating circumstances, a death sentence shall be imposed; or

(ii) do not outweigh the mitigating circumstances, a death sentence shall not be imposed.

(3) If the determination is by a jury, a decision to impose a death sentence must be unanimous and shall be signed by the jury foreperson.

(4) A court or jury shall put its determination in writing and shall state specifically:

(i) each aggravating circumstance found;

(ii) each mitigating circumstance found;

(iii) whether any aggravating circumstances found under subsection (g) of this section outweigh the mitigating circumstances found under subsection (h) of this section;

(iv) whether the aggravating circumstances found under subsection (g) of this section do not outweigh the mitigating circumstances found under subsection (h) of this section; and

(v) the sentence determined under subsection (g)(2) of this section or paragraphs (1) and (2) of this subsection."

494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990) (U.S. Supreme Court holding that it is not unconstitutional for a state to require the death penalty when the sentencer has found one or more aggravating circumstances and no mitigating factors). Therefore, there was no reason for a weighing of factors under § 413(h). There was nothing to weigh against the aggravating factor, a factor that was established beyond a reasonable doubt.[9] Maryland Rule 4–343 instructs the sentencing authority that, where one or more aggravating circumstances has been proven beyond a reasonable doubt and no mitigating circumstances exist, the sentence shall be death.

Baker points to the following comments made by Judge Whitfill, also made during the sentencing decision, to claim that mitigating factors were found to exist by the circuit court, but an accurate reading of Judge Whitfill's remarks shows Baker's assertion to be incorrect:

> "*I will assume*, for the moment, that the mitigation as listed in number seven, if I had found that to exist, that a weighing process would have been required. So, *under the assumption* that someone might feel that Dr. Johnson's testimony should have been accepted as proving mitigation, I will review the weighing factors that *I would have gone through had I found that to exist.*

> "The issue as to whether or not aggravating circumstances outweigh mitigation, I think, is [as] basic a principle as we can state for our community, is that people should be able to go shopping without fear that they will be killed for their wallet or their purse.

> "Jane Tyson presented absolutely no threat to the Defendant, except the possibility that she could identify him and testify against him for stealing her purse. She was a small woman. She had no capacity to hurt him. She had two children in tow. She couldn't leave those children even to

---

9. The same factor that served as an aggravating factor was an element that must have been proven in order for the jury to convict. Accordingly, that particular factor, dressed in different clothes, was twice proven.

pursue him. So that this was as helpless a victim as could possibly have existed.

"The Defendant's act of killing her can only be of simply no regard for life, or because he felt that eliminating the witness was in his best interests.

"Jane Tyson was killed in the presence of her grandchildren, who were children of tender years. As I have indicated previously, the maximum amount a defendant can reasonably expect to recover from such a theft is a few hundred dollars, at most.

"And a willingness to take a gun, place it to someone's head, and carry it out such as this offense, the fact that the Defendant had served previous time for Armed Robbery, knew the consequences, had time to contemplate the consequences of that, I feel that the aggravating circumstances of this case and circumstances under it that would outweigh any mitigation ... *if I were to make a finding that a mitigator existed.*" [Alteration added.] [Emphasis added.]

As can plainly be seen from Judge Whitfill's comments, he only discussed the weighing of the aggravating factor against a mitigating factor to explain to Baker that his decision to sentence him to death would have been *no different* had the mitigating factor been proven to exist by a preponderance of the evidence. The fact that Judge Whitfill was hypothesizing is made unmistakably clear by the language used by the judge such as "If I were to assume" and "if I were to make a finding that a mitigator existed." Petitioner cannot successfully challenge an "assumed" weighing process that *never had any bearing* on the circuit court's decision to sentence Baker to death. Under the statutory sentencing procedure in cases involving a possible sentence of death, there is no reason for a court or jury to balance aggravating factors against mitigating factors *where no mitigating factors have been shown to exist by a preponderance of the evidence.* In fact, under such circumstances, it is impossible for balancing to occur.

Even assuming *arguendo* that the circuit court did engage in a weighing of aggravating against mitigating factors prior

to sentencing Baker to death, and that this weighing was followed in accordance with the preponderance of the evidence standard of § 413(h), we would hold that Baker's challenge to the preponderance of the evidence standard in such sentencing deliberations remains unpersuasive.

 In one of Baker's previous appeals to this court, *Baker v. State*, 367 Md. 648, 790 A.2d 629 (2002) (*"Baker II "*), this Court was presented with the question of whether the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), made " 'Maryland's death penalty statute . . . unconstitutional because it provides that a sentence of death may be imposed if the State proves only that the aggravating circumstances outweigh any mitigating circumstances by a preponderance of the evidence.' " *Baker II*, 367 Md. at 676, 790 A.2d at 645. We held that it did not, finding specifically that *Apprendi* did not apply to the Maryland capital sentencing scheme. This conclusion was based on this Court's finding that, unlike the defendant in *Apprendi*, Baker could not be said to have had his penalty enhanced beyond the prescribed statutory maximum. As we stated in *Baker II:*

> "[u]pon the State proving, beyond a reasonable doubt, the elements of first degree murder, including any aggravating circumstances that make the defendant eligible for the death penalty, the statutory maximum penalty is death; this maximum statutory sentence of the death penalty cannot logically and possibly be enhanced, whether by a judge or jury. Death simply is not an enhancement of death."

*Baker II*, 367 Md. at 679, 790 A.2d at 647. Notwithstanding our holding in *Baker II*, however, Baker in this appeal contends that the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a decision by the Supreme Court that clarified certain ambiguous aspects of its earlier *Apprendi* decision, effectively overruled this Court's decision in *Baker II* and makes the statutory "preponderance of the evidence" test, which is used

in weighing aggravating and mitigating factors in the sentencing proceeding, unconstitutional.

Baker's claim that *Ring* has made the use of a preponderance of the evidence test when weighing aggravating and mitigating factors unconstitutional has already been addressed by this Court. In *Oken v. State,* 378 Md. 179, 835 A.2d 1105 (2003) (*"Oken IV"*), Oken, who had been convicted of murder and sentenced to death, presented to this Court the following question,[10] virtually identical to that brought by Baker in the appeal now before us:

"I. Whether, in light of *Ring v. Arizona,* this Court should overrule *Borchardt v. State* [, 367 Md. 91, 786 A.2d 631 (2001),] and hold that the Maryland death penalty statute is unconstitutional on its face because it provides that a sentence of death may be imposed if the State proves only that the aggravating factors outweigh any mitigating factors by a preponderance of the evidence."

*Oken IV,* 378 Md. at 185, 835 A.2d at 1108 (alteration added).

Additionally, the appeal in the case *sub judice* also bears a striking similarity to that brought by Oken in that, like Baker, Oken's appeal directly followed an earlier appeal in which he had argued that the Supreme Court's decision in *Apprendi* invalidated the preponderance of the evidence test as it related to the weighing of aggravating and mitigating factors in the sentencing proceeding. *Oken v. State,* 367 Md. 191, 786 A.2d 691 (2001) (*"Oken III"*). We did not agree with Oken's *Apprendi*-based contention in that case, finding, based on our earlier decision in *Borchardt,* which we found to be controlling, "that *Apprendi* does not serve to invalidate the Maryland death penalty law-that, whether good policy or bad, the legis-

---

**10.** In all, four questions were presented to this Court by Oken in that particular appeal, Oken's fourth before this Court. *See Oken IV,* 378 Md. at 183, 835 A.2d at 1107. Our opinion only addressed this first question presented, however, "[b]ecause . . . we find that *Ring* bears no adverse implications for the Maryland death penalty statute, we do not reach [Oken's] other issues." *Id.* at 186, 835 A.2d at 1109 (alteration added).

lative judgment to establish preponderance as the standard for weighing aggravating factors against mitigating factors does not constitute a violation of due process of law." *Oken III*, 367 Md. at 197–98, 786 A.2d at 694.

As stated, Oken, in 2003, brought a fourth appeal before this Court, this time based on the contention that *"Borchardt* has been overruled by *Ring* and, therefore, the Circuit Court judge erred when he declined to invalidate [11] Oken's sentence of death." *Oken IV*, 378 Md. at 185, 835 A.2d at 1108 (footnote added). As with his earlier *Apprendi*-based argument for invalidating the Maryland death penalty law, we found that Oken's argument that the Supreme Court's decision in *Ring* invalidated the death penalty law, specifically the use of a preponderance of the evidence standard for weighing aggravating factors against mitigating factors, was without merit. *See also Miller v. State*, 380 Md. 1, 20–21, 843 A.2d 803, 815 (2004) (stating that, "[a]s expressed ... in *Oken* ... *Apprendi* and *Ring* do not render the preponderance standard, applied only to the judgmental weighing process and not to any fact actually deducible from evidence, unconstitutional.")

Assuming *arguendo* that the circuit court did balance aggravating and mitigating factors prior to sentencing, our holding in *Oken IV* controls and would be dispositive in this case.[12] Because, on the basis of *Oken IV*, we reject Baker's first

---

**11.** As with Baker in this present appeal, Oken's 2003 appeal originated from the filing of a "Motion to Correct Illegal Sentence and/or Motion for New Sentencing Based Upon Mistake or Irregularity." *Oken IV*, 378 Md. at 184, 835 A.2d at 1107–08. Oken, in that appeal, claimed "that his death sentence ... is illegal and irregular, as those terms are used in Maryland Rule 4–345, because Maryland's death penalty statute unconstitutionally provides for the imposition of the death sentence if the sentencing authority determines, by a preponderance of the evidence, that aggravating circumstances outweigh any mitigating circumstances." *Id.* at 184–85, 835 A.2d at 1108 (footnote omitted).

**12.** Baker admits as much in his brief before this Court, stating the only possible attack that he can avail himself of in respect to the *Oken IV* decision and its controlling effect on his appeal is that *Oken IV* "was wrongly decided and should be overruled." We decline to overrule *Oken IV*.

contention, we need not further address any of his other arguments.

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AFFIRMED; COSTS TO BE PAID BY PETITIONER.**

BELL, C.J., RAKER and GREENE, JJ., concur.

RAKER, J., concurring, in which BELL, C.J., and GREENE, J., join:

I would affirm the judgment of the Circuit Court for Harford County denying Baker's Motion to Correct Illegal Sentence. Baker's sentence is neither a mistake nor irregular under Md. Rule 4–345.

Baker claims that he was denied due process under the 14th Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights. He relies on *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Ring* and *Apprendi* are not implicated in Baker's case because the weighing standard of aggravating circumstances versus mitigating circumstances of the Maryland death penalty statute was never triggered. Judge Whitfill, the sentencing authority in Baker's case, found *no* mitigators had been proven. Accordingly, there was nothing to weigh in determining the appropriate sentence to be imposed; under the Maryland statutory scheme, the required sentence was death. He is entitled to no relief on this ground. *See Baker v. State*, 367 Md. 648, 790 A.2d 629 (2002), *cert. denied*, 535 U.S. 1050, 122 S.Ct. 1815, 152 L.Ed.2d 817 (2002).

Baker's claim that his waiver of jury sentencing was not knowing or voluntary and was therefore ineffective is meritless also. Judge Whitfill carefully explained Baker's rights to him and his waiver was effective.

Chief Judge BELL and Judge GREENE have authorized me to state that they join in this concurring opinion.

## ON MOTION FOR RECONSIDERATION

PER CURIAM.

Upon Motion for Reconsideration, Wesley Eugene Baker, by his attorneys, argues that the decision in the above entitled case should be reconsidered in order for the Court to address an argument made in Baker's brief at this court. That argument is identified in Baker's Motion for Reconsideration as:

> "Maryland Statutory Provisions Permitting Proof in Aggravation to be Presented Regardless of Its Admissibility Under the Rules Governing Admission of Evidence at Criminal Trials and In Derogation of the Sixth Amendment Right of Confrontation Render Appellant's Sentence and Maryland's Statutory Scheme Unconstitutional."

We grant the Motion to Reconsider and hold that the issue was not preserved for appellate review. In the trial court the State argued that the issue above had not been raised in the trial court nor preserved by objection at trial. In responding to the State's answer, and in a subsequent motion for the trial court to reconsider its denial of the relevant motion filed below, Baker did not challenge the State's position on the issue of preservation. Accordingly, that issue is not preserved.[1]

---

1. Furthermore, the argument appears to be unrelated to the questions presented on appeal.