## TURNER ET AL. *v.* NEW YORK.

No. 399. Argued April 12–13, 1967.—Decided May 8, 1967.

*Osmond K. Fraenkel* argued the cause and filed briefs for petitioners.

*H. Richard Uviller* argued the cause for respondent. With him on the brief was *Frank S. Hogan.*

PER CURIAM.

The writ is dismissed as improvidently granted.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE FORTAS concurs, dissenting.

This case arose out of an assembly in Duffy Square, New York City, protesting American policy in Vietnam. After a few minutes of speeches, the police dispersed the crowd, utilizing two policemen on horseback and a dozen patrolmen.

The complaint charged disorderly conduct,

"in that with intent to provoke a breach of the peace and under circumstances whereby a breach of the peace might be occasioned, the defendants did unlawfully congregate and assemble at the above location obstructing the area to the exclusion of those wishing to use same, and did delay vehicular traffic while carrying placards and using loud and boisterous language; by their actions did cause a crowd to collect; [w]hen ordered to move on the defendants did fail to do so, after being informed that their actions were not lawful."

The evidence showed that the meeting was peaceful and orderly until the horses arrived. Up to that time the crowd was apparently small with no one paying much attention. The bulk of the evidence at the trial related to acts of individual petitioners during the period when the police were trying to disperse the crowd, that is, between the advent of the horses and the arrests. After the appearance by the police, there was a minor disturbance, one person hitting a horse with a rolled-up cardboard placard, one biting a policeman, and one lying down. But these acts were not charged in the complaint. While no opinion was written by the trial court, the Appellate Term did write and in its opinion relied heavily on these post-dispersion facts to justify the convictions. 48 Misc. 2d 611, 613–618, 619, 265 N. Y. S. 2d 841, 843–847, 849. But as stated by Judge Hofstadter in dissent:

> "The occurrences now offered as a basis for upholding the convictions were not the subject of the complaint charged. And the events, including any alleged disturbance by any defendant, ensuing upon the order, were the direct and immediate issue of a misconception by the police of the lawful warrant and scope of their authority." 48 Misc. 2d, at 630, 265 N. Y. S. 2d, at 860.

A conviction on one ground may not be sustained on grounds that might have been charged but were not. "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made." Cole v. Arkansas, 333 U. S. 196, 201. And see Shuttlesworth v. Birmingham, 382 U. S. 87; Ashton v. Kentucky, 384 U. S. 195.

Likewise a conviction "upon a charge not made" is not consistent with due process. *De Jonge* v. *Oregon,* 299 U. S. 353, 362.

Where First Amendment rights are involved, as they were here, we have been meticulous to insist upon clean-cut violations of ordinances protecting law and order, lest broad or fuzzy applications be used to suffocate or impair the exercise of those constitutional rights. *Stromberg* v. *California,* 283 U. S. 359, 369; *Edwards* v. *South Carolina,* 372 U. S. 229, 237; *Cox* v. *Louisiana,* 379 U. S. 536, 551–552; *Ashton* v. *Kentucky,* *supra,* at 200–201.

Issues of that character and gravity are tendered here and I would resolve them.