KEVIN HOWELL *v.* ZANDRA BRUMMELL

[No. 146, September Term, 1981.]

*Decided June 30, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Peter Max Zimmerman* and *Bernard Brager* for appellant.

*William C. Rogers, III, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

In this appeal we are asked to reverse a decree of the Circuit Court for Talbot County whereby Kevin Bruce Howell was found to be the father of a male child, born out of wedlock. The decree also imposed on Howell, *inter alia,* an obligation to provide prospective payment for support and other expenses for the child. An appeal was noted to the Court of Special Appeals raising questions as to a denial of Howell's right to a speedy trial and whether prosecution of the case was barred by laches. We issued the writ of certiorari prior to consideration by that court in order to determine an important question concerning whether a paternity proceeding is quasi-criminal. For reasons set out below we do not now reach that question.

## The Facts

In October, 1970, the State's Attorney's office in Talbot County consented to the filing of a petition to establish the paternity of a male child born out of wedlock to a fifteen year old petitioner in January, 1970. This petition alleged that as a result of sexual intercourse with Kevin Howell the petitioner became pregnant, and ultimately delivered the child in question. Service upon Howell was made but no answer was filed by him and for reasons unclear in the record no hearing was held; rather the matter was placed upon the stet docket in January, 1974.[1] Howell claimed he had visited the State's Attorney's office and was not asked to file an answer or to appear in court. He testified he met the petitioner there

---

1. Former Rule 23 a 2 of the Second Judicial Circuit of Maryland, rescinded by Order of this Court dated Oct. 1, 1980, effective Jan. 1, 1981, stated:

"In order to facilitate the early disposition of law and equity actions the Clerk of Court shall enter on the docket that the case is marked Stet under this Rule where:

(i) No pleading has been filed within six months after the filing of the action; or

(ii) More than one year has elapsed since the action was filed, unless the docket shows that the action is awaiting trial on a definitely set date."

and she declined to take the matter to court because she was not sure that he was the father. The petitioner denied such a meeting or making such a statement. After remaining in the area for more than five years Howell entered the armed services and left the state. Thereafter the State's Attorney filed two URESA [2] petitions against Howell, but service was not perfected; he maintained his location was always obtainable. In any event, the case was removed from the stet docket [3] and the petition amended in July, 1979 when it came to light that Howell had sent some money to the petitioner to be used for the child's school clothing. Service of a show cause order and the amended petition was made on Howell in December, 1980 when he was back in Talbot County on leave, to which he responded with a motion to dismiss based on limitations.[4] The court denied this motion after taking testimony and hearing argument. Thereafter, a trial on the merits was held which resulted in a finding that Howell was the father of the child and an order for support. This appeal ensued.

## Contentions

The appellant first argues that the Sixth Amendment right to a speedy trial applies to the paternity proceeding here, and that the right was violated because suit was first

---

**2.** Uniform Reciprocal Enforcement of Support Act, Md. Code (1957, 1979 Repl. Vol.), Art. 89C.

**3.** Former Rule 23 d of the Second Judicial Circuit, also rescinded by Order of this Court dated Oct. 1, 1980, effective Jan. 1, 1981, stated:

"Upon motion of any party made at any time before notice from the Clerk to dismiss is issued pursuant to Maryland Rule 530, the Court may for good cause shown pass an order striking the Stet and the action shall thereupon be reinstated for further proceedings. Upon the granting of a motion suspending the operation of Maryland Rule 530, the Court shall provide in such an order for the reinstatement for trial of any case that is then marked Stet under this Rule."

**4.** Code (1957, 1981 Repl. Vol., 1981 Cum. Supp.), Art. 16, § 66 (e) requires that a paternity proceeding be commenced, *inter alia*, within 2 years after the birth of the child, the putative father's written acknowledgment of paternity, or his payment or other provisions for support of the child.

filed against him in 1970 and his trial was not held until 1981. We find that we need not reach this issue because an amended petition, alleging that Howell made a payment for support of the child, was filed in July, 1979. The court found as a fact that Howell made a support payment for the child's benefit in August, 1978. We cannot say that that finding was clearly erroneous. *See* Md. Rule 886. Had the original petition, filed in 1970, been filed at the time the amended petition was filed, in 1979, it would have been brought within two years of a support payment and thus within the limitations period contained in the statute. See note 4, *supra.* Assuming, without deciding, that a paternity proceeding is a quasi-criminal proceeding so as to afford the appellant with a right to a speedy trial, we hold this right to have been waived. The trial judge found as a fact that Howell had made a support payment within two years of the filing of the amended petition. Thus Howell lost the ability to complain that his speedy trial or due process rights were violated by the delay from 1970 to 1978, just as he would have had he made a written acknowledgment of paternity. See note 4, *supra.*

Appellant's next argument is that laches precludes prosecution of the case. It is based on the contention that two potential defense witnesses became unavailable during the delay. This argument was undermined at trial by testimony which showed that one of the witnesses resided in the appellant's hometown and could have been served by the sheriff and that the appellant knew that the other was in the armed services in West Germany. Therefore, the witnesses' absence at trial was not caused by the delay. They were available to the appellant at the time of trial through subpoena or deposition.

> "As was held in *Lipsitz v. Parr,* 164 Md. 222, 164 A. 743 (1933), laches is an inexcusable delay, without necessary reference to duration, in the assertion of a right, and, unless mounting to the statutory period of limitations, *mere delay is not sufficient to constitute laches, if the delay has not*

> *worked a disadvantage to another.* See *Bradford v. Futrell,* 225 Md. 512, 525, 171 A.2d 493, 500 (1961).... Prejudice or injury to the party raising 'laches' is an essential element. *Simpers v. Clark,* 239 Md. 395, 403, 211 A.2d 753, 757 (1965). So long as the position of the parties is not changed and there is no prejudice from the delay laches are inapplicable. *Oak Lawn Cemetery v. Baltimore County,* [174 Md. 280, 291, 198 A. 600, 605 (1938)]."
> *Salisbury Beauty Schools v. State Board,* 268 Md. 32, 63, 300 A.2d 367, 385 (1973) (emphasis added).

Any prejudice that resulted from the absence of the two witnesses at trial was caused by the appellant's failure to subpoena or depose them and not by the passage of time. Consequently, laches does not apply under the facts and circumstances of this case because the delay did not cause prejudice to the appellant.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*