573 A.2d 38

**Brian Matthew TRACY**

v.

**STATE of Maryland.**

**No. 108, Sept. Term, 1989.**

Court of Appeals of Maryland.

May 8, 1990.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and CHASANOW, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

CHASANOW, Judge.

On November 22, 1987, Richard Purman was shot to death. The next day Petitioner Brian Matthew Tracy, 16, was arrested, and confessed to having shot and killed Purman. Tracy told police that he and two friends planned to run away to California, and in furtherance of their plot, they decided to steal Purman's automobile for their trip and to kill Purman.

On January 14, 1988, a four count criminal information was filed in the Circuit Court for Carroll County charging that on November 22, 1987, Tracy did commit premeditated murder, conspiracy to commit first degree murder, use of a handgun in the commission of a felony, and assault and battery. Trial was set for June 6, 1988.

Less than one month before trial, the State filed a second criminal information charging Tracy with six additional offenses all related to the killing of Purman. The six additional offenses were felony murder, robbery with a deadly weapon, conspiracy to commit robbery with a deadly weapon, conspiracy to use a handgun in the commission of a crime of violence, robbery, and conspiracy to commit robbery. Upon discovering that a preliminary hearing on the new information could not be scheduled until June 9th, three days after the scheduled June 6th trial date, the State elected to proceed by way of grand jury indictment.

On May 26, 1988, the grand jury convened and returned an indictment charging Tracy with the same six additional

offenses that had been included in the second criminal information. The indictment labeled these six charges as "additional counts" counts 5 through 10. The "additional counts" were filed in the same criminal jacket as the original four count criminal information.

On June 3rd, Tracy filed a "Motion to Dismiss" the six new counts contained in the indictment. The motion alleged that the six additional counts were "added to this case without the consent of the Defendant," and that the indictment "has been joined with the information previously filed in this case" in violation of the Maryland Rules, and in violation of Tracy's constitutional right to due process.

A hearing on Tracy's motion to dismiss took place on June 6th, the scheduled trial date. At that hearing the trial judge noted that he took a "dim view" of the way the State had proceeded with the additional counts, but when the judge suggested that the trial as to all 10 counts be continued at least until June 10th to afford Tracy a preliminary hearing on counts 5 through 10, both sides advised the court that they were not moving for a continuance. Defense counsel also stated "Your Honor, I want it abundantly clear, for the record that we are, in fact, ready to proceed on the case that was scheduled for trial today, and to do so today." Defense counsel, however, continued to argue that the six additional charges were not properly before the court, and should be dismissed. When the judge, referring to the six new charges again inquired "but you're not moving for a continuance you're moving for a dismissal?" Defense counsel responded, "I'm moving for a dismissal with respect to these charges." The trial judge then, after reciting the procedural history, reiterating the offer that "the court would grant a continuance upon application," and noting that the defense counsel's request for a dismissal rather than a continuance appeared to be "maneuvering," denied the motion to dismiss counts 5 through 10.

A jury trial was held and Tracy was convicted of all counts except conspiracy to use a handgun in the commission of a crime of violence. The trial judge merged some of

456

the convictions, and then sentenced Tracy to the following consecutive terms of imprisonment: Life for premeditated and deliberate first degree murder, life for conspiracy to commit murder, 20 years for robbery with a deadly weapon, 20 years for conspiracy to commit robbery with a deadly weapon, and 20 years for use of a handgun in the commission of a crime of violence. The Court of Special Appeals, in an unreported per curiam opinion, affirmed the convictions and sentences. This Court granted certiorari to consider the issues presented by Tracy's motion to dismiss counts 5 through 10, as well as his consecutive sentences for conspiracy to commit murder and conspiracy to commit robbery with a deadly weapon.

## I. MOTION TO DISMISS COUNTS 5 THROUGH 10

Preliminarily, we should note that the issue before us is *not* whether Tracy would have been entitled to a continuance. The State does not suggest that Tracy could be compelled to stand trial eleven days after being indicted for counts 5 through 10. The trial judge offered and reoffered to continue the trial, but Tracy steadfastly refused a continuance and insisted on a dismissal of the new counts. Tracy's first contention is that dismissal is mandatory because the addition of six new counts constituted an amendment of the charging document which changed the character of the offense charged, and since it was not consented to, the amendment was improper under Md. Rule 4–204.

That rule provides:

On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended except that if the amendment changes the character of the offense charged, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

"Amendments" contemplated by Rule 4–204 are changes, alterations, or modifications to an existing charge

in an existing charging document. Bringing new charges by new charging documents are not amendments. It is generally recognized that the word amendment implies something upon which the change, correction, alteration, or reformation can operate, something to be reformed, corrected, rectified, or altered. Logic and reason would dictate that a criminal defendant should have the right to preclude the State from making material changes to an existing charge. However, the rule was not meant to require, and should not require, consent of a defendant before the State can file additional charging documents charging new offenses. In the instant case, the additional six counts charged in the indictment were not "amendments" to the four counts in the criminal information, and did not require Tracy's consent before they could be filed.

▮▮▮ Tracy next maintains that counts 5 through 10 should have been dismissed because if these counts are not amendments, then they were improperly joined with counts 1 through 4. He does not contend that the charges involve separate criminal events and should not be joined; instead he argues that "absent a motion for joint trial by either party, the trial court lacked authority to order a joint trial." Even if Tracy is correct, the proper remedy for an improper joinder is a severance, not a dismissal. Tracy knew that the additional charges were "joined" for trial with the prior charges, but he never asked for a severance. The only relief he requested was dismissal of the indictment charging counts 5 through 10. He was not entitled to have the indictment dismissed even if we assume it was improperly joined for trial with another charging document. By failing to specifically request a severance of counts 5 through 10, Tracy waived any right to a severance. "A defendant can lose his rights under joinder and severance law by failing to assert them in a timely fashion. This is true even in the instances of misjoinder...." 2 W. LaFave & J. Israel, *Criminal Procedure* § 17.3(d), at 378 (1984). *See also Erman v. State,* 49 Md.App. 605, 612, 434 A.2d 1030, 1036 (1981), *cert. denied,* 456 U.S. 908, 102 S.Ct. 1756, 72 L.Ed.2d

165 (1982); *Sye v. State*, 55 Md.App. 356, 361, 468 A.2d 641, 644 (1983). We should also note that Tracy was not prejudiced by the joint trial on all counts since the charges were so interrelated and bound together by a common scheme that the evidence as to all charges was mutually admissible. *Frazier v. State*, 318 Md. 597, 569 A.2d 684 (1990).

■ Tracy's final contention regarding counts 5 through 10 is that requiring him to stand trial on these counts, only eleven days after the indictment, violated Md. Rule 4–242(b)(3), which provides in part:

> In circuit court the defendant shall initially plead within 15 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213(c).

Tracy asserts that "a defendant cannot be required to stand trial during that fifteen day period if he has not yet entered a plea." He may be correct, but the short answer is that Tracy was not "required" to stand trial within fifteen days of the indictment. He not only failed to request a continuance; he even rejected the judge's offer of a continuance. He cannot now complain that he was tried too expeditiously on these counts. In *Gray v. State*, 216 Md. 410, 140 A.2d 643 (1958), immediately prior to trial, the State's Attorney made a motion to amend the charging document. The Defendant objected, claiming that the warrant was a nullity. On appeal, the Defendant requested that at least the case should be remanded for a new trial presumably on the ground that he did not have time to prepare his defense after the amendment. This Court stated, "[i]f he was surprised by the amendment or was not ready to go to trial forthwith, he should have moved for a postponement.... [A]n appeal is of no avail to counteract a failure to act in the lower court." *Id.* at 417, 140 A.2d at 646–47. If Tracy felt aggrieved by having to stand trial on counts 5 through 10, only eleven days after the indictment on these charges, he should have requested a continuance to which he was entitled rather than a dismissal to which he was not entitled.

## II. SEPARATE SENTENCES FOR CONSPIRACY TO COMMIT MURDER AND CONSPIRACY TO COMMIT ROBBERY WITH A DEADLY WEAPON

It is well settled in Maryland that only one sentence can be imposed for a single common law conspiracy no matter how many criminal acts the conspirators have agreed to commit. The unit of prosecution is the agreement or combination rather than each of its criminal objectives. In *Mason v. State,* 302 Md. 434, 445, 488 A.2d 955, 960 (1985), we stated that a "conspiracy remains one offense regardless of how many repeated violations of the law may have been the object of the conspiracy."

The jury found Tracy guilty of conspiracy to commit murder, for which he was sentenced to life imprisonment. The jury also found him guilty of conspiracy to commit robbery with a deadly weapon, for which he received a 20 year consecutive sentence. The State contends that the evidence established two separate criminal conspiracies between Tracy and Brian Jordan (Jordan). The first was that Jordan would kill Purman with a knife, and they would take Purman's car and drive it west. The second conspiracy occurred during the commission of the crimes when Jordan was unable to stab Purman; the State contends that at that time there was a new agreement that Tracy would carry out the murder and robbery with a gun. It is clear that Tracy's and Jordan's decision to change which of the two participants would actually carry out the intended murder and to change the type of weapon to be used to commit the crimes would not be sufficient to constitute a second conspiracy. *See* Clark & Marshall, *A Treatise on the Law of Crimes,* 7th Ed. § 9.04, at 566 (1967): "When the object of the conspiracy is unlawful, it is not necessary that the means of accomplishing it shall be agreed upon at the time, because the agreement constitutes this offense." *See also* 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.5, at 98–99 (1986).

**460**

In the instant case, even though there were two criminal objectives, there was only one conspiracy, one continuous conspiratorial relationship. We might note that during his closing argument, the prosecutor told the jury "our contention is that Tracy entered into *an* agreement with Jordan to commit these various crimes." The agreement from its inception was to commit robbery and murder, but there was only one conspiracy since both crimes were the objective of the same agreement.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART, AND REVERSED IN PART. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF CONVICTION ON THE CONSPIRACY TO COMMIT ROBBERY WITH A DEADLY WEAPON, AND TO AFFIRM THE JUDGMENT OF CONVICTION ON THE REMAINING COUNTS. COSTS TO BE DIVIDED EQUALLY.