607 A.2d 1253

**Michael Leroy LANDAKER, Sr.**

**v.**

**STATE of Maryland.**

**No. 33, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 23, 1992.

---

Mark Colvin, Asst. Public Defender (Stephen E. Harris, Public Defender), Baltimore, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen.), Baltimore, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

In addition to several traffic convictions, the Petitioner, Michael Leroy Landaker, Sr., was convicted in the Circuit Court for Washington County of willful failure to surrender himself after his release on recognizance in violation of Md.Code (1992 Repl.Vol.) Art. 27, § 12B.[1] We granted certiorari to consider whether the Court of Special Appeals erred in its unreported affirmance of Landaker's conviction for willful failure to surrender himself under § 12B(b). The question presented is:

> May a person be convicted of and sentenced for a viola-
> tion of § 12B(b) if the State has not filed a charging
> document charging the person with that offense?

The answer is no.

The offense at issue is set forth in Article 27 § 12B(b) as follows:

> Any person who has been admitted to bail or released on
> recognizance in any criminal case in this State who for-
> feits the bail or recognizance and willfully fails to surren-

---

1. Landaker was originally charged with various traffic violations in the District Court but the case was transferred to the circuit court upon his request for a jury trial.

der himself within thirty days following the date of forfeiture shall be sentenced as provided herein.

Maryland Rule 4–201 states: "an offense shall be tried only on a charging document." "Charging document" means "a written accusation alleging that a defendant has committed an offense" and "includes a citation, an indictment, an information, and a statement of charges." Md. Rule 4–102(a). In the District Court, an offense may be tried on an information, a statement of charges, or a citation. Md.Rule 4–201(b). In the circuit court an offense may be tried on an indictment, information, or charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court. Md.Rule 4–201(c).

In this case after Landaker failed to appear for trial in the circuit court on January 8, 1991, he was eventually arrested and brought to trial on the traffic charges. Although no charging document was filed charging Landaker with a violation of § 12B(b), evidence was also presented at trial as to Landaker's failure to appear on January 8, 1991. Landaker was ultimately convicted of various traffic offenses *and* the offense of willful failure to appear on January 8, 1991.

Landaker's conviction for willful failure to appear absent a charging document charging him with that offense was a clear violation of Md.Rule 4–201(a). Likewise, the Supreme Court has recognized that "... conviction upon a charge not made would be sheer denial of due process." *DeJonge v. Oregon*, 299 U.S. 353, 362, 57 S.Ct. 255, 81 L.Ed. 278 (1937); Cf. *Williams v. State*, 302 Md. 787, 791–92, 490 A.2d 1277 (1985) (It is fundamental that a court is without power to render a verdict or impose a sentence under a charging document which does not charge an offense within its jurisdiction prescribed by common law or by statute).

The Court of Special Appeals held that because the proceedings were consistent with the court's common law

authority to punish by contempt those who failed to appear, a formal charging document was unnecessary. This reasoning ignores the fact that Landaker was not cited or punished for contempt but was convicted of a statutory crime which requires prior notice to the defendant by means of a charging document.

On the record in this case we conclude that Landaker was improperly convicted of willful failure to appear under Article 27 § 12B(b).[2]

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THAT COURT TO REVERSE THE CONVICTION FOR WILLFUL FAILURE TO APPEAR; THE REMAINING CONVICTIONS ARE AFFIRMED. COSTS IN THIS COURT TO BE PAID BY WASHINGTON COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE PAID AS FOLLOWS: FIVE SIXTHS OF THE COSTS TO BE PAID BY MICHAEL LEROY LANDAKER, SR.; ONE SIXTH OF THE COSTS TO BE PAID BY WASHINGTON COUNTY.

---

**2.** Landaker also contends that the evidence was insufficient to convict him of willful failure to appear. We need not consider this contention because of our reversal based on the absence of a charging document.