47 A.3d 1002

Jarmal JOHNSON

v.

STATE of Maryland.

No. 84, Sept. Term, 2011.

Court of Appeals of Maryland.

July 10, 2012.

Juan P. Reyes, Asst. Public Defender (Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for petitioner/cross-respondent.

Mary Ann Ince, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for respondent/cross-petitioner.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and McDONALD, JJ.

ADKINS, J.

In this case, we consider the remedies available to a defendant 16 years after his conviction and sentence for a crime not charged in the indictment. Following his arrest in 1992, Petitioner Jarmal Johnson was convicted of assault with intent to murder and other crimes, even though the indictment returned by the Grand Jury did not charge assault with intent to murder. Petitioner did not raise this issue at trial, at sentencing, or on direct appeal. Not until 16 years after his conviction did Petitioner file a motion to correct an illegal sentence, claiming that the trial court lacked the power to convict and sentence him for assault with intent to murder because that charge was not contained in the indictment. The Circuit Court for Baltimore City denied Petitioner's motion, and he appealed. The Court of Special Appeals affirmed in a reported opinion, *Johnson v. State*, 199 Md.App. 331, 22 A.3d 909 (2011), and Petitioner filed a petition for *certiorari*, asking:

1. Did the trial court have jurisdiction to convict Petitioner of a crime that was not contained in the indictment and was not a lesser included offense of any charge contained in the indictment?

2. Is the "constructive amendment" of an indictment recognized in Maryland and did the Court of Special Appeals properly apply it in this case? [1]

The State filed a conditional cross-petition for *certiorari,* asking:

1. Was Petitioner's appeal from the denial of his motion to correct an illegal sentence untimely?

2. Did Petitioner knowingly consent to the constructive amendment of the indictment?

3. Did Petitioner provide a record sufficient for review of his appellate contention?

4. Should Petitioner's appeal be dismissed on grounds of laches? [2]

---

**1.** We have edited Petitioner's questions presented for clarity. As originally presented, the questions were:

1. Did the Court of Special Appeals err in dismissing Petitioner's appeal and holding that Petitioner's conviction was not void for lack of jurisdiction, ignoring case law and the plain language of Rule 4–252(d), where Petitioner was convicted of a crime that was not charged in the indictment and where the crime was not a lesser included offense of any charge contained within the indictment?
2. Should the concept of "constructive amendment" of an indictment be recognized in Maryland and did the Court of Special Appeals properly apply it in this case?

**2.** We have edited the State's questions presented for clarity. As originally presented, the questions were:

1. Did the Court of Special Appeals correctly dismiss Johnson's appeal from the denial of Johnson's motion to correct an illegal sentence as untimely?
2. If addressed, did the Court of Special Appeals correctly indicate in *dicta* that Johnson's indictment was constructively amended and that Johnson was aware of and consented to that amendment?
3. Did the Court of Special Appeals improperly fail to dismiss Johnson's appeal where Johnson did not provide a record sufficient for review of his appellate contention?
4. Did the Court of Special Appeals err in failing to dismiss Johnson's appeal on grounds of laches?

We granted *certiorari* on both petitions, *Johnson v. State,* 423 Md. 450, 31 A.3d 919 (2011), and shall reverse the judgment of the Court of Special Appeals. Petitioner's sentence for assault with intent to murder was illegal because that crime was not contained in the indictment returned by the Grand Jury. Petitioner's motion to correct an illegal sentence was timely because Maryland Rule 4–345(a) allows the trial court to correct an illegal sentence "at any time." Such a motion is not waived by the defendant's acquiescence at trial or sentencing, and we shall not apply the doctrine of laches because the State has failed to allege any prejudice arising from Petitioner's delay. Therefore, we shall vacate Petitioner's conviction and sentence for assault with intent to murder. We need not decide whether the "constructive amendment" of an indictment may be valid in some circumstances, as it is clear that no proper amendment occurred in this case. Moreover, because Rule 4–345(a) resolves the case, we need not decide whether Petitioner's claim is "jurisdictional" in any sense of that word.

## FACTS AND LEGAL PROCEEDINGS

On March 6, 1992, police officers executed a search warrant at 630 Baker Street in Baltimore City. When the officers entered the apartment, gunfire erupted, and they saw Petitioner firing an automatic weapon in the direction of the officers. They also found large amounts of cocaine and heroin. Petitioner was arrested, and the arresting officer prepared a "statement of charges" that listed assault with intent to murder along with approximately ten other charges. That charge was not included in the indictment returned by the Grand Jury, however. Rather, the indictment charged four crimes: (1) attempted murder, (2) common law assault, (3) unlawful wearing, carrying, or transporting of a handgun, and (4) unlawful use of a handgun in the commission of a felony or crime of violence.[3]

---

3. Petitioner was tried under other indictments as well, which we shall describe in more detail when we discuss the issues.

Before hearing Petitioner's plea, the trial court asked the attorneys to "go over what the offenses are and what the maximum penalties are[.]" In the discussion that followed, the attorneys did not mention assault with intent to murder. Similarly, in opening statements, the attorneys mentioned attempted murder and other crimes, but did not mention assault with intent to murder. The verdict sheet prepared for the jury at the close of evidence, however, included assault with intent to murder.[4] The trial court also instructed the jury about the crimes on the verdict sheet, including assault with intent to murder.

On September 22, 1992, the jury acquitted Petitioner of attempted murder, but found him guilty of (1) assault with intent to murder, (2) common law assault, (3) unlawful use of a handgun in the commission of a felony or crime of violence, and (4) unlawful wearing, carrying, or transporting of a handgun. Petitioner admits that he did not object, at trial, to the jury instructions or guilty verdict for assault with intent to murder.

At sentencing, the trial court imposed a 30–year prison sentence for assault with intent to murder, merging common law assault into that conviction. The court also imposed a 20–year consecutive sentence for the use of a handgun in a felony or crime of violence, merging unlawful wearing, carrying, or transporting a handgun into that conviction.

Petitioner filed a direct appeal but did not argue that his conviction or sentence for assault with intent to murder was illegal. In January 2008, Petitioner filed a motion to correct an illegal sentence, arguing that his sentence for assault with intent to murder was illegal because the indictment did not charge that crime. The Circuit Court denied Petitioner's

---

4. The verdict sheet is not included in the record, but the trial court read the charges it contained into the record, including attempted murder in the first degree; attempted murder in the second degree; assault with intent to murder; assault; wearing, carrying, and transporting a handgun; use of a handgun in the commission of a felony or crime of violence; and several other crimes charged in other indictments.

motion, and he appealed. The Court of Special Appeals affirmed, holding that Petitioner's claim was not jurisdictional, and therefore could not be raised after the time for direct appeal. *Johnson,* 199 Md.App. at 344, 351, 22 A.3d at 917, 920–21.

## Sufficiency of the Record

■ As a preliminary matter, we address the State's contention that the record is insufficient for appellate review of Petitioner's motion because Petitioner failed to include a transcript of his arraignment. The State argues that the transcript is necessary to show that Petitioner did not learn at the arraignment that the State intended to charge him with assault with intent to murder. Without such a showing, the State contends, Petitioner cannot rebut the "presumption of regularity" that attaches to criminal cases. *See Skok v. State,* 361 Md. 52, 78–80, 760 A.2d 647, 661–62 (2000). Petitioner responds that the transcript is not necessary because, regardless of what may have occurred at the arraignment, his sentence for assault with intent to murder is illegal given that the indictment did not charge that crime.

Maryland Rule 8–501 provides, in pertinent part:

Unless otherwise ordered by the appellate court or provided by this Rule, the appellant shall prepare and file a record extract in every case in the Court of Appeals.... The record extract shall contain all parts of the record that are reasonably necessary for the determination of the questions presented by the appeal and any cross-appeal.

Maryland Rule 8–501(a), (c). *See also Mora v. State,* 355 Md. 639, 650, 735 A.2d 1122, 1128 (1999) ("It is incumbent upon the appellant claiming error to produce a sufficient factual record for the appellate court to determine whether error was committed[.]").

Whatever may have occurred at the arraignment is irrelevant to Petitioner's argument, which is that his sentence was illegal simply because assault with intent to murder was not included in the indictment. Therefore, we agree with the

Court of Special Appeals that Petitioner's failure to include a transcript of the arraignment does not prevent us from reviewing his contention. The record is "sufficient ... to determine whether error was committed[.]" *See Mora*, 355 Md. at 650, 735 A.2d at 1128.

### Timeliness of a Motion to Correct an Illegal Sentence

The Court of Special Appeals held that Petitioner's motion was untimely because it was made after the time for direct appeal. *Johnson*, 199 Md.App. at 348, 22 A.3d at 919. The court explained that, although a defendant may assert a lack of subject matter jurisdiction at any time, Petitioner's motion did not properly put forth such an assertion. *Id.* at 345–46, 22 A.3d at 917–18. Rather, the court opined, Petitioner's motion challenged the trial court's "exercise of jurisdiction," *i.e.*, "the authority of the court to decide a particular case within the class of cases that is encompassed by the court's subject matter jurisdiction." *Id.* at 345, 22 A.3d at 917. Thus, the court held that Petitioner's motion was untimely because, unlike a motion asserting a lack of subject matter jurisdiction, Petitioner's "remedy for an improper exercise of jurisdiction was a direct and timely appeal[,]" which he failed to make. *Id.* at 346, 22 A.3d at 917–18.

Petitioner contends that his motion did show a lack of subject matter jurisdiction, and thus could be brought at any time. Under Maryland Rule 4–252(d), he argues, "a claim that a charging document fails to charge or characterize an offense is jurisdictional and may be raised at any time[.]" Additionally, Petitioner argues that, under Rule 4–345(a), "[t]he court may correct an illegal sentence at any time."

The State responds that the Court of Special Appeals was correct to hold that Petitioner's motion did not challenge the trial court's jurisdiction, but rather the exercise of that jurisdiction, and therefore was untimely. The State also argues that the doctrine of laches should prevent us from addressing Petitioner's claim.

■ Concerning laches, the State has failed to assert a necessary prong of that doctrine. The State quotes *Liddy v. Lamone,* 398 Md. 233, 244, 919 A.2d 1276, 1283 (2007), which held that laches "applies when there is an unreasonable delay in the assertion of one's rights and that delay results in prejudice to the opposing party." Yet the State fails to assert any prejudice resulting from Petitioner's delay. Thus, the State has failed to show that laches should apply. *See Howell v. Brummell,* 293 Md. 646, 649–50, 446 A.2d 1149, 1151 (1982) ("[M]ere delay is not sufficient to constitute laches, if the delay has not worked a disadvantage to another. . . . Prejudice or injury to the party raising laches is an essential element." (citations and quotation marks omitted)).

We must decide, therefore, whether convicting and sentencing a defendant on a charge not contained in the indictment is the type of error that may be "raised and determined at any time" under Maryland Rule 4–252(d) or corrected "at any time" under Rule 4–345(a). We begin with Rule 4–252(d), which provides:

A motion asserting failure of the charging document to show jurisdiction in the court or to charge an offense may be raised and determined at any time. Any other defense, objection, or request capable of determination before trial without trial of the general issue, shall be raised by motion filed at any time before trial.

Petitioner cites *Williams v. State,* 302 Md. 787, 792, 490 A.2d 1277, 1280 (1985), which held that, under Rule 4–252(d), "[a] claim that a charging document fails to charge or characterize an offense is jurisdictional and may be raised, as here, for the first time on appeal." Yet *Williams* and the other cases Petitioner cites dealt with claims that the indictment did not charge **any** offense, thus depriving the court of jurisdiction. *See id.* at 790, 490 A.2d at 1279 (appellant "contended that the information failed to state an offense and hence was fatally defective for lack of jurisdiction in the circuit court"); *see also* Charles E. Torcia, *Wharton's Criminal Procedure* (13th ed.1990), § 236 (explaining that an indictment "must be legally sufficient, *i.e.,* it must contain facts which in law

amount to an offense, and which, if proved, would establish prima facie the accused's guilt of such offense"). We are uncertain whether these cases should apply in Petitioner's situation, where the indictment charged several cognizable offenses. In any event, we need not decide this issue, because Rule 4–345(a) resolves the case.

■ Rule 4–345(a) provides: "The court may correct an illegal sentence at any time." As we explained in *Chaney v. State*, Rule 4–345(a) is designed to accommodate postconviction motions filed after the time for direct appeal has expired:

If a sentence is "illegal" within the meaning of [Rule 4–345(a) ], the defendant may file a motion in the trial correct to "correct" it, notwithstanding that . . . the sentence was not challenged in a timely-filed direct appeal. . . . The sentence may be attacked on direct appeal, but it also may be challenged collaterally and belatedly, and, if the trial court denies relief in response to such a challenge, the defendant may appeal from that denial and obtain relief in an appellate court. (Citations and quotation marks omitted.)

*Chaney v. State*, 397 Md. 460, 466, 918 A.2d 506, 509 (2007); *see also State v. Griffiths*, 338 Md. 485, 496, 659 A.2d 876, 882 (1995) ("This Rule creates a limited exception to the general rule of finality, and sanctions a method of opening a judgment otherwise final and beyond the reach of the court.").

■ The "scope of this privilege . . . is narrow, however." *Chaney*, 397 Md. at 466–67, 918 A.2d at 509. To constitute an illegal sentence under Rule 4–345(a), "the illegality must inhere in the sentence itself, rather than stem from trial court error during the sentencing proceeding." *Matthews v. State*, 424 Md. 503, 512, 36 A.3d 499, 505 (2012). Accordingly, "we have denied relief pursuant to Rule 4–345(a) because the sentences imposed were not inherently illegal, despite some form of error or alleged injustice." *Id.* at 513, 36 A.3d at 505. For example, a motion alleging consideration of improper factors by the sentencing court[5] or illegal conduct by the

---

5. *See Randall Book Corp. v. State*, 316 Md. 315, 322–23, 558 A.2d 715, 719 (1989).

Parole Commission,[6] without more, is not cognizable under Rule 4–345(a). *See Montgomery v. State,* 405 Md. 67, 74–75, 950 A.2d 77, 82 (2008) ("[A] trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sentence or sanction is itself lawful." (citations and quotation marks omitted)).

There is no simple formula to determine which sentences are "inherently illegal" within the meaning of Rule 4–345(a), but as we recently explained in *Alston v. State:*

> There is one type of illegal sentence which this Court has consistently held should be corrected under Rule 4–345(a). Where the trial court imposes a sentence or other sanction upon a criminal defendant, and where **no sentence or sanction should have been imposed,** the criminal defendant is entitled to relief under Rule 4–345(a). (Emphasis added.)

*Alston v. State,* 425 Md. 326, 339, 40 A.3d 1028, 1036 (2012). In *Alston,* we provided several examples of sentences that fell within this category:

> Several cases in this Court have involved situations where no sentence or sanction should have been imposed, and this Court has held that relief under Rule 4–345(a) was appropriate. Judge Harrell for the Court in *Hoile v. State,* [404 Md. 591, 621, 948 A.2d 30, 48 (2008),] described three of these cases as follows:

>> *See Ridgeway v. State,* 369 Md. 165, 171, 797 A.2d 1287, 1290 (2002) (no sentence should have been imposed on the defendant for certain assault charges because the defendant was acquitted of those charges); *Holmes v. State,* 362 Md. 190, 195–96, 763 A.2d 737, 740 (2000) (sentence of probation with home detention as a condition of probation was illegal because the trial court lacked statutory authority to impose such a condition); *Moosavi v. State,* 355 Md. 651, 662, 736 A.2d 285, 291 (1999) (sentence was illegal

---

6. *See State v. Kanaras,* 357 Md. 170, 185, 742 A.2d 508, 516–17 (1999).

because the defendant was convicted under an inapplicable statute).

(Quotation marks omitted.)

*Id.* at 340, 40 A.3d at 1036–37. We also discussed two other cases in which Rule 4–345(a) relief was appropriate because the trial court had not been authorized to impose the sentences in question:

> A seminal case with regard to Rule 4–345(a) is *Walczak v. State*, 302 Md. 422, 488 A.2d 949 (1985). In that case, the trial court ordered the defendant Walczak, as a condition of probation, to pay restitution to a victim of a crime (armed robbery) of which Walczak had not been convicted. Walczak failed to object in the trial court to the restitution, and the Court of Special Appeals held that Walczak had waived the issue. This Court, however, held that the restitution order was not authorized by statute and that it should not have been imposed. The Court further held that it was an illegal sentence, and, under Rule 4–345(a), it should be corrected despite the failure to object in the trial court. *See also Jones v. State*, 384 Md. 669, 866 A.2d 151 (2005) (holding that, when the jury's verdict of guilty on a count was not orally announced in open court, and the jury was not polled and harkened to the verdict on that count, no sentence should have been imposed on that count, and the sentence on the count was illegal within the meaning of Rule 4–345(a)). (Footnote omitted.)

*Id.* at 340–41, 40 A.3d at 1037.

Following this line of cases, we held that Alston's sentence never should have been imposed because the trial court handed it down only after "unlawfully reopen[ing] the postconviction proceeding that had terminated[.]" *Id.* at 341–42, 40 A.3d at 1037–38. We therefore granted relief under Rule 4–345(a). *Id.* at 342, 40 A.3d at 1038; *see also Baker v. State*, 389 Md. 127, 133–34, 883 A.2d 916, 919–20 (2005) (holding that a Rule 4–345(a) motion is proper if "the sentence

never should have been imposed").[7]

In each of these cases, the movants did not merely allege "a trial court error," *see Montgomery*, 405 Md. at 74–75, 950 A.2d at 82, but instead asserted that the trial court, for various reasons, lacked the power or authority to impose the contested sentence. *See Alston*, 425 Md. at 331–32, 40 A.3d at 1032 (petitioner contended that the resolution of a postconviction proceeding in his favor removed the court's power to reopen it to convict and sentence him); *Jones v. State*, 384 Md. 669, 679, 866 A.2d 151, 157 (2005) (petitioner argued that the failure to orally announce the verdict or hearken the jury removed the court's power to convict and sentence him on that count); *Holmes v. State*, 362 Md. 190, 192, 196, 763 A.2d 737, 738, 740 (2000) (movant contended that the relevant statutes stripped the trial court of the "authority to order home detention"); *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985) (movant contended that the trial court lacked the power to "order restitution to a victim of a crime of which he was not convicted"); *Ridgeway v. State*, 369 Md. 165, 170–71, 797 A.2d 1287, 1290 (2002) (petitioner contended that the trial court was "prohibited" from increasing his sentence after he had left the courtroom following his initial sentencing proceeding); *Moosavi v. State*, 355 Md. 651, 666–67, 736 A.2d 285, 293 (1999) (petitioner contended that the trial court convicted him under a statute that the Legislature specifically declined to apply to his situation).

Here, Petitioner's contention is in the same mold, as he argues that the trial court "did not have the power to render a

---

7. Even if some of the defendant's sentences are proper, a motion under Rule 4–345(a) is proper if one of the sentences is illegal. *See, e.g., Jones v. State*, 384 Md. 669, 676–78, 866 A.2d 151, 155–56 (2005) (holding that, although three of the defendant's convictions and sentences were proper, the sentence on one charge was illegal under Rule 4–345(a)); *Oken v. State*, 367 Md. 191, 193–95, 786 A.2d 691, 691–93 (2001) (allowing a Rule 4–345(a) motion claiming an illegal death sentence for a murder conviction, even though sentences of imprisonment on other charges were proper); *see also* Arthur W. Blakemore, *Joyce on Indictments* (2d ed.1924), § 349 ("Where one of two or more counts only is good[,] a general verdict of guilty will be sustained and referred to the good count.").

verdict and impose a sentence on the uncharged offense of assault with intent to murder." As in the cases above, Petitioner's claim goes to the trial court's power or authority, and thus may be raised "at any time" under Rule 4–345(a).

## Waiver by Consent

The Court of Special Appeals held that Petitioner's "silence, acquiescence, and perhaps even request for [a] jury instruction" on assault with intent to murder constituted consent to the addition of that charge, by constructive amendment, to the indictment. *Johnson,* 199 Md.App. at 347, 22 A.3d at 918. Thus, the court held:

> Given his failure to object at trial, his only recourse would have been to argue plain error in his direct appeal. This claim is not preserved for our review.
>
> *          *          *
>
> [A]ny complaint appellant has to the amendment has been waived by his failure to raise it on direct appeal.

*Id.* at 348–49, 22 A.3d at 919–20.

The State agrees with the Court of Special Appeals, arguing that Petitioner waived any objection to the insufficiency of the indictment by his "acquiescence, at trial and afterward, in the propriety of his conviction for assault with intent to murder[.]" Thus, the State contends that "both fairness and judicial efficiency" support finding Petitioner's motion untimely, as he failed to object at trial, at sentencing, or on direct appeal.

Petitioner responds that his claim is not subject to any preservation requirement. As stated above, he argues that his claim is not waived because it may be raised "at any time" under Rules 4–252(d) and 4–345(a).

Because Petitioner's claim is cognizable under Rule 4–345(a), it is not subject to waiver. As we said in *Chaney,* a motion to correct an illegal sentence under Rule 4–345(a) is not waived even if "no objection was made when the sentence was imposed" or "the defendant purported to consent to it[.]" *Chaney,* 397 Md. at 466, 918 A.2d at 509; *see also Walczak,* 302 Md. at 427, 488 A.2d at 951 ("[A] defendant who fails to

object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence."); *Coles v. State,* 290 Md. 296, 303, 429 A.2d 1029, 1032 (1981) (allowing the defendant's motion to correct an illegal sentence even though "he took no appeal from the final judgment embodying that sentence [and,] at sentencing, both [he] and his counsel urged the court to order restitution in lieu of incarceration"). Thus, although Petitioner may have acquiesced to his conviction and sentence at trial, his claim is not waived, and we shall consider it on the merits.

### Legality of Petitioner's Conviction and Sentence

The Court of Special Appeals observed that "the circuit court may have erred" in convicting and sentencing Petitioner on assault with intent to murder. *Johnson,* 199 Md.App. at 344, 349, 22 A.3d at 917, 919–20. The court did not address that issue, however, because it held that Petitioner's motion was waived and untimely. *Id.* Because we hold that Petitioner's motion was not waived and could be raised "at any time" under Rule 4–345(a), we shall address the legality of his conviction and sentence for assault with intent to murder.

The State contends that Petitioner's conviction and sentence for assault with intent to murder were proper because the indictment was "constructively amended" to include that charge. According to the State, the circumstances of this case caused the indictment to be constructively amended:

> Under the circumstance[s] of [Petitioner's] case, in which the instructions, verdict sheet, arguments of counsel and sentence all addressed the charge of assault with intent to murder, the intermediate appellate court's conclusion that there had been a constructive amendment of the indictment was appropriate.[8]

Petitioner counters that "the 'constructive amendment' of an indictment is not allowed in Maryland[,] and even if it were[,] it could not be applied to add new charges to an indictment."

---

8. The State cites no authority for this proposition.

Thus, Petitioner argues that the trial court erred by rendering a verdict and imposing a sentence on assault with intent to murder, because that charge was not contained in the indictment, whether explicitly or through constructive amendment.

■ As Petitioner points out, the Maryland Rules prescribe the exclusive procedure for amending an indictment. *See Brown v. State,* 285 Md. 105, 108, 400 A.2d 1133, 1135 (1979) ("Charging documents in this State now may be amended . . . **only** in accord with Maryland Rule 713[.]" (emphasis added)). *Brown* refers to former Rule 713, which was replaced in 1984 with Rule 4–204. *See Johnson v. State,* 358 Md. 384, 387–88 n. 1, 749 A.2d 769, 771 n. 1 (2000) (unrelated case). Thus, Rule 4-204 now details the exclusive means to amend an indictment. Rule 4–204 provides:

> On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended except that if the amendment changes the character of the offense charged, the consent of the parties is required. If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance.

Instead of addressing Rule 4–204, the State points to the Court of Special Appeals' opinion, which held that the rule is inapplicable because the amendment occurred outside the confines of the rule. *See Johnson,* 199 Md.App. at 349, 22 A.3d at 920 (holding that "this is a case of constructive amendment, one **not contemplated by the Rule**" (emphasis added)).[9] If we were to allow an indictment to be amended outside the confines of Rule 4–204, however, we would not only contradict our precedents providing that the rule is the exclusive means to amend an indictment, but would also undermine

---

9. The Court of Special Appeals did not hold that the constructive amendment was proper, but rather that, because the indictment was constructively amended, the error alleged by Petitioner did not show a lack of subject matter jurisdiction, and thus Petitioner would have needed to object at trial and raise the issue on direct appeal to preserve it. *See Johnson v. State,* 199 Md.App. 331, 345, 348–49, 22 A.3d 909, 917–20.

the purpose that the rule is meant to serve.  As we said in *Johnson:*

> The purpose of Maryland Rule 4–204, governing the amendment of charging documents, is to prevent any unfair surprise to the defendant and his counsel. . . . If the State's proposed amendment changes the character of the offense, and the defendant does not consent, then the amendment is deemed prejudicial to the defendant.

*Johnson,* 358 Md. at 392, 749 A.2d at 773.

Indeed, Rule 4–204's prevention of "unfair surprise" fulfills a constitutional requirement.  As we explained in *State v. Morton,* the rule that the indictment must inform the defendant of the charges that he will have to defend

> fulfill[s] the constitutional requirement contained in Art. 21 of the Maryland Declaration of Rights that each person charged with a crime must be informed of the accusation against him.[10]  . . . Otherwise stated in the leading case of *State v. Lassotovitch,* 162 Md. 147, 156, 159 A. 362 (1932), every charge or accusation must include at least two elements, *i.e.:*
>
> > First, the characterization of the crime;  and, second, such description of the particular act alleged to have been committed by the accused as will enable him to properly defend against the accusation. . . . [T]he second requires such definite and specific allegations as reasonably to put the accused on notice of the particular act charged, to enable him to prepare a defense and plead the judgment in any subsequent attempted prosecution.

(Quotation marks omitted.)

*State v. Morton,* 295 Md. 487, 490–91, 456 A.2d 909, 911 (1983); *see also De Jonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937) ("Conviction upon a charge not made

---

**10.** Article 21 provides, in pertinent part:  "[I]n all criminal prosecutions, every man hath a right to be informed of the accusation against him;  to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence[.]"

would be sheer denial of due process."); *Ayre v. State*, 291 Md. 155, 163–64, 433 A.2d 1150, 1155–56 (1981) (observing that the purpose of an indictment is "to place an accused on adequate notice" (citations and quotation marks omitted)). Because Rule 4–204 protects the defendant's constitutional right to have "due time . . . to prepare for his defence[,]" Md. Const. Art. 21, we shall not allow any amendment, constructive or otherwise, outside the confines of the rule.[11]

We must decide, therefore, whether the indictment in this case was validly amended under Rule 4–204 to add the charge of assault with intent to murder. As Petitioner points out, Rule 4–204 does not permit the State to add new charges to an existing indictment. Rather, the " '[a]mendments' contemplated by Rule 4–204 are changes, alterations, or modifications to **an existing charge** in an existing charging document." *Tracy v. State*, 319 Md. 452, 456–57, 573 A.2d 38, 40 (1990) (emphasis added). If the State desires to charge a defendant with additional crimes, it must "file additional charging documents charging new offenses." *Id.* at 457, 573 A.2d at 40; *see also* Torcia, § 269 ("[A]n amendment will be allowed, in an appropriate case, **only if no additional or different offense is charged** and if substantial rights of the defendant are not prejudiced[.]" (emphasis added) (citations and quotation marks omitted)). As *Tracy* makes clear, the amendment in this case was not allowable, under Rule 4–204, because it added a new charge to an existing indictment.

We are left, then, with a conviction on a charge not contained in the indictment. The State does not assert that the indictment, without a charge of assault with intent to murder, was sufficient to support Petitioner's conviction for that crime—and for good reason. As we said in *Turner v. State*, 242 Md. 408, 414, 219 A.2d 39, 42 (1966), "it is elementary that a defendant may not be found guilty of a crime of which he was not charged in the indictment." As explained in

---

11. We do not decide whether Maryland Rule 4–204 permits any sort of "constructive" amendment within its confines.

*Wharton's Criminal Procedure*, this rule preserves the defendant's right to be informed of the charges against him:

> Occasionally, the evidence at trial proves facts that are materially different from those alleged in the indictment or a judge gives jury instructions that broaden the basis for a defendant's conviction beyond acts charged in the indictment. When this difference impacts the defendant's right to be informed of the nature of the charges against him or her, it ... warrants reversal of a conviction. (Footnotes omitted.)

Nancy Hollander et al., *Wharton's Criminal Procedure* (14th ed.2010), § 5:17; *see also Dunn v. United States*, 442 U.S. 100, 107, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979) ("[I]t is ... a violation of due process to send an accused to prison following conviction ... upon a charge that was never made."); *Turner v. New York*, 386 U.S. 773, 775, 87 S.Ct. 1417, 1418, 18 L.Ed.2d 522 (1967) ("[A] conviction upon a charge not made is not consistent with due process." (citations and quotation marks omitted)); *Landaker v. State*, 327 Md. 138, 140, 607 A.2d 1253, 1254 (1992) ("[C]onviction upon a charge not made would be sheer denial of due process." (citations and quotation marks omitted)).[12] Thus, the trial court erred in convicting Petitioner of assault with intent to murder, because that crime was not contained in the indictment.

In *Jones*, we held that a similar error caused a sentence to be illegal under Rule 4–345(a). *See Jones*, 384 Md. at 685–86, 866 A.2d at 160–61. In that case, the trial court failed to have the jury orally announce its verdict on one of the defendant's four convictions. *Id.* at 677, 866 A.2d at 156. That error made the sentence illegal because it did not sufficiently put the defendant on notice of the verdict. *Id.* at 684–86, 866 A.2d at 160–61. As we explained:

---

12. An exception to this rule, not applicable here, exists for lesser included offenses of crimes charged in the indictment. *See Hagans v. State*, 316 Md. 429, 450, 559 A.2d 792, 802 (1989); Charles E. Torcia, *Wharton's Criminal Procedure* (13th ed.1990), § 267.

"Returning" the verdict in open court mandates an oral announcement of the verdict upon the conclusion of the jury's deliberations to enable the defendant to exercise the right to poll the jury as to the verdicts. Furthermore, orally announcing each count of the verdict prevents possible confusion during polling and hearkening where there are multiple counts considered by the jury[.] ... [B]ecause the jury was not polled and hearkened to that Count in absence of its oral announcement, the verdict of guilt cannot stand and any sentence apportioned thereto must be vacated. We hold that Jones's sentence [on the unannounced charge] is an illegal sentence.

*Id.*

As in *Jones,* Petitioner was prejudiced here by not having proper notice of how to prepare his defense. He was not properly on notice of the charge of assault with intent to murder, which prevented him from properly defending against it, just as Jones was not properly on notice of the verdict, which prevented him from polling the jury or otherwise addressing it. *Id.* Even if Petitioner or his attorney mentioned assault with intent to murder at some point during trial, without a formal charge on that offense, Petitioner would not have had the proper motivation to defend against it, and in any event should not have devoted time and resources to defending a charge not contained in the indictment. Indeed, Petitioner's closing argument did not address assault with intent to murder, focusing instead—properly, we think—on the crimes actually charged in the indictment.

The indictment has always served to inform the defendant of exactly what he needs to defend. *See, e.g.,* Arthur W. Blakemore, *Joyce on Indictments* (2d ed.1924), §§ 277, 284 (explaining that an "[i]ndictment must specify the exact charge made ... to enable the accused to determine on the line of his defense, and prepare for it both as the law and facts"). To allow a charge to be implied by the conduct of the parties and the trial court, though absent from the indictment, would create an unfair guessing game for defendants, in which they would be required to defend not only the charges in the

indictment, but also any other crimes discussed on the record or argued to the jury. Such a procedure would eviscerate the constitutional and prudential reasons for indicting defendants. Therefore, we think the procedural error in this case is as grave, if not more so, than the error in *Jones*, and clearly caused the sentence to be illegal under Rule 4–345(a).

## Vacating Convictions

When the illegality of a sentence stems from the illegality of the conviction itself, Rule 4–345(a) dictates that both the conviction and the sentence be vacated. In *Griffiths*, we held that the defendant's sentence on possession of cocaine with intent to distribute, after a conviction for "simple possession of the same cocaine," was illegal because "the imposition of [the] sentence on the greater offense had the effect of rendering the sentence on the lesser offense illegal as a cumulative sentence prohibited by double jeopardy protections." *Griffiths*, 338 Md. at 489, 496–97, 659 A.2d at 878, 882. Thus, we held that "[v]acating the sentence imposed on the lesser offense **also operates to vacate the judgment of conviction.**" *Id.* at 497, 659 A.2d at 882 (emphasis added); *see also Alston*, 425 Md. at 342, 40 A.3d at 1038 (remanding to the trial court to "correct the imposition of illegal **convictions and sentences**" under Rule 4–345(a) (emphasis added)). Petitioner's sentence on assault with intent to murder was illegal because the conviction itself was illegal. Therefore, in accord with *Griffiths* and *Alston*, we shall vacate both the sentence and the conviction.

Petitioner argues that if we vacate his conviction for assault with intent to murder, we must also vacate his conviction for use of a handgun in the commission of a felony or crime of violence, because the former conviction was a necessary predicate of the latter. This is because, he says, "at the time of trial, simple assault, the only remaining relevant conviction in this indictment, was not considered a crime of violence."

At the time Petitioner was convicted, the crime of unlawful use of a handgun in the commission of a felony or crime of violence was defined in Maryland Code (1957, 1992 Repl.Vol.), Article 27, Section 36B(d), which provided, in relevant part:

Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article shall be guilty of a separate misdemeanor[.]

We do not agree that this conviction must be vacated, because three felonies remain to support it. To be sure, after vacating Petitioner's conviction for assault with intent to murder, no "crime of violence," as defined in the statute, stands to support this conviction.[13] Yet the jury found Petitioner guilty, under a separate indictment, of three other felonies not affected by our holding: (1) possession with intent to manufacture and distribute heroin, (2) possession with intent to manufacture and distribute cocaine, and (3) wearing, carrying, or transporting a firearm during and in relation to a drug trafficking crime.[14] Thus, the record shows the factual and

---

**13.** *See* Md.Code (1957, 1992 Repl.Vol.), Article 27, § 441(e) (listing the crimes of violence that support a conviction under Section 36B(d)).

**14.** *See* Md.Code (1957, 1992 Repl.Vol.), Article 27, §§ 286(a)(1), (b)(1), 281A(b). Wearing, carrying, or transporting a firearm during and in relation to drug trafficking is a "separate felony" from any other crime, *see* § 281A(b), and is distinct from using a firearm during the commission of a felony or crime of violence. As we said in *Wynn v. State:*

[T]he [L]egislature specifically distinguished between the wearing, carrying, and transporting of handguns and the **use** of handguns in criminal activity. In particular, in § 36B(a)(ii) the [L]egislature emphasized that the increase in the number of persons killed or injured by handguns was directly related to the carrying of handguns by persons inclined to use them in criminal activity. This comment clearly indicates that **the [L]egislature considered the use of a handgun to be something more than mere illegal possession of a handgun** and that the [L]egislature contemplated use of a handgun in an active as opposed to a passive manner. Death and injury do not arise from a handgun which remains holstered. (Emphasis added.)

*Wynn v. State,* 313 Md. 533, 541, 546 A.2d 465, 469 (1988); *see also* Md.Code (1957, 1992 Repl.Vol.), Art. 27, § 36B(d) (listing use of a firearm during the commission of a felony or crime of violence as a "separate misdemeanor"); *Moore v. State,* 424 Md. 118, 157, 34 A.3d

legal predicate for Petitioner's conviction for "use of a handgun during the commission of a **felony** or crime of violence[,]" and we shall not disturb it.

## Conclusion

Petitioner was not charged with assault with intent to murder, nor was the indictment properly amended to include that charge. Therefore, Petitioner's conviction and sentence for that crime were illegal. Under Rule 4–345(a), such an error may be raised and corrected "at any time" and cannot be waived by the defendant's acquiescence. We shall grant Petitioner's request and vacate his conviction and sentence on assault with intent to murder. His other convictions shall stand. In particular, we shall deny his request to vacate his conviction for use of a firearm during the commission of a felony or crime of violence, as the record supports that conviction.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY WITH INSTRUCTIONS TO VACATE THE CONVICTION AND SENTENCE ON ASSAULT WITH INTENT TO MURDER AND FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**

---

513, 536 (2011) (listing the two crimes separately among Maryland's "handgun statutes").