[Cite as *State v. Martin*, 2015-Ohio-5014.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS. 2014-CA-76 and |
| | : | 2014-CA-77 |
| v. | : | |
| | : | T.C. NO. 14CR126 and 14CR260 |
| DONTRAE MARTIN | : | |
| | : | (Criminal appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___4th___ day of ____December____, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty, Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JENNIFER D. BRUMBY, Atty. Reg. No. 0076440, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

DONTRAE MARTIN, Inmate #707061, Madison Correctional Institution, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

        **{¶ 1}** This matter is before the Court on the Notice of Appeal of Dontrae Martin,

filed July 3, 2014, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

L.Ed.2d 493 (1976).

{¶ 2} Martin was indicted, on February 18, 2014, in Case No. 2014 CR 126, on one count of trafficking in heroin (less than one gram), in violation of R.C. 2925.03(A)(2); two counts of possession of heroin (less than one gram), in violation of R.C. 2925.11(A); and one count of illegal conveyance of weapons or prohibited items onto the grounds of a specified governmental facility, in violation of R.C. 2921.36(A)(2). Counts one through three contained a forfeiture specification that $3301.00 was seized from Martin's person. On March 5, 2014, Martin filed a motion to suppress in Case No. 2014 CR 126.

{¶ 3} On April 14, 2014, in Case No. 2014 CR 260, Martin was indicted on one count of trafficking in heroin (greater than or equal to ten grams but less than fifty grams, in the vicinity of a school specification); one count of possession of heroin (greater than or equal to ten grams but less than fifty grams); one count of aggravated trafficking in drugs (greater than or equal to bulk amount but less than five times bulk amount, in the vicinity of a school specification), in violation of R.C. 2925.03(A)(2); one count of aggravated possession of drugs (greater than or equal to the bulk amount but less than five times the bulk amount), in violation of R.C. 2925.11(A); one count of aggravated trafficking in drugs (less than the bulk amount, in the vicinity of a school specification); one count of aggravated possession of drugs (less than the bulk amount); one count of trafficking in heroin (less than one gram); one count of possession of heroin (less than one gram); and one count of tampering with evidence, in violation of R.C. 2921.12(A). Counts one through nine contained a forfeiture specification that $3500.00 was seized from 1303 Tibbetts Avenue on March 25, 2014.

{¶ 4} On May 8, 2014, at a hearing scheduled for the motion to suppress in Case

No. 2014 CR 0126, counsel for Martin advised the court that he had just learned of the second indictment and asked to "continue this hearing to a later date to see if we can work out a package deal and give the State an opportunity to decide whether or not it's going to file additional motions." The court continued the hearing.

{¶ 5} On May 21, 22014, the State filed a motion to consolidate the two cases, which the trial court granted. On June 10, 2014, as part of a negotiated plea agreement, Martin withdrew his previous pleas of not guilty to all counts and pled guilty to one count of possession of heroin in Case No. 2014 CR 0126, a felony of the fifth degree, and to one count of possession of heroin in Case No. 2014 CR 0260, a felony of the second degree. The remaining counts were dismissed, Martin agreed to the forfeitures of $3,301.00 and $3,500.00 in each case, he withdrew his motion to suppress, and the prosecutor agreed to remain silent at sentencing. The court ordered a pre-sentence investigation. On June 24, 2014, Martin was sentenced to twelve months for the fifth degree felony, and to seven years for the second degree felony, and the court ordered that the sentences be served consecutively.

{¶ 6} Counsel for Martin asserts that she "reviewed the original court file, as well as the transcript of proceedings prepared in this case, and can find no error by the trial court prejudicial to the rights of Mr. Martin, which may be argued to this Court on appeal." This Court granted Martin ample time to file a pro se brief asserting any assignments of error for our review, and none has been received.

{¶ 7} In *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7-8, this Court noted:

> We are charged by *Anders* to determine whether any issues

involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." [386 U.S. at 744, 87 S.Ct. 1417, 18 L.Ed.2d 522.] If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *State v. Pullen* (Dec. 6, 2002), Montgomery App. No. 19232 [2002-Ohio-6788].

Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal. *Pullen, supra*.

{¶ 8} Counsel for Martin asserts three potential assignments of error. The first potential assigned error is as follows:

WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 IN ACCEPTING MR. MARTIN'S GUILTY PLEAS.

{¶ 9} Crim.R. 11 provides in relevant part:

(C) Pleas of guilty and no contest in felony cases

* * *

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the

following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} Having thoroughly reviewed the transcript of Martin's plea hearing, we conclude, as counsel for Martin asserts, that the trial court complied with the requirements of Crim.R. 11. After reviewing the negotiated plea agreement in detail as set forth above, the court ascertained that Martin was satisfied with the advice and representation provided by his attorney, and that he read and understood the plea forms he signed. The court advised Martin of the maximum penalties for each offense, advised him that he was subject to a mandatory sentence in Case No. 2014 CR 260, and advised him regarding post-release control. The court advised Martin that a plea of guilty is an admission of guilt. The court advised him of all of the rights he would waive by entering his pleas and

determined that Martin knowingly, voluntarily and intelligently waived his rights in entering his pleas. For the foregoing reasons, we conclude that Martin's first potential assignment of error lacks arguable merit and is wholly frivolous.

{¶ 11} Martin's second potential assignment of error is as follows:

WHETHER MR. MARTIN'S TRIAL COUNSEL WAS INEFFECTIVE IN WITHDRAWING HIS MOTION TO SUPPRESS?

{¶ 12} As this court has previously noted:

"We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, * * *. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id*. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, 2d Dist. Montgomery No. 21957, 2008–Ohio–493, ¶ 31.

*State v. Saini*, 2d Dist. Greene No. 2013 CA 36, 2014-Ohio-5582, ¶ 47.

**{¶ 13}** "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15.

**{¶ 14}** We initially note that Martin's motion to suppress, in Case No. 2014 CR 126, was filed prior to the subsequent indictment containing an additional nine counts in Case No. 2014 CR 260; pursuant to the plea agreement, three counts were dismissed in Case No. 2014 CR 126, and eight counts were dismissed in Case No. 2014 CR 260. Martin advised the Court that he was satisfied with his counsel's representation, and as we concluded above, Martin's pleas were knowing and voluntary. Accordingly, Martin's second potential assigned error lacks arguable merit.

**{¶ 15}** Martin's third potential assignment of error is as follows:

WHETHER THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

**{¶ 16}** R.C. 2929.14(C) provides:

* * *

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 17}** As this Court has previously noted:

We have addressed our role in reviewing sentencing orders by recognizing that we would no longer use an abuse-of-discretion standard in reviewing a felony sentence, but would apply "the standard of review set forth in R.C. 2953.08(G)(2) ." *State v. Rodeffer*, 2013–Ohio–5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.) "Under this statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Battle*, 2d Dist Clark No. 2014CA5, 2014–Ohio–4502, ¶ 7. We have acknowledged that this is an "extremely

deferential standard of review." *Rodeffer* at ¶ 31. *See also State v. Hammad*, [2d Dist.] Montgomery No. 26110, 2015–Ohio–622, ¶ 29; *State v. McGlothan*, 2d Dist. Clark Nos. 2014–CA–120, 2014–CA–121, 2014–CA–122, 2015–Ohio–2713, ¶ 12. We also note that because R.C. 2929.41(A) creates a presumption in favor of concurrent sentences for most felony sentences, our review of the record must determine whether the presumption was overcome by the trial court's findings set forth in R.C. 2929.14(C)(4). *State v. Hatfield*, 5th Dist. Muskingum No. CT2014–CA–00052, 2015–Ohio–2846, ¶ 9.

*State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 15.

{¶ 18} In sentencing Martin, the court noted as follows:

In reviewing the information contained in the presentence report and the facts of the case as presented at the time of the plea, determining factors which are apparent under 2929.12 and .13 to meet the principles and sentencing guidelines of 2929.11 and 2929.13, the court has found the following: The Defendant committed the offense, particularly the possession of the large amount of heroin, as part of an organized criminal activity.

There is the factor of whether or not the Defendant caused or expected to cause physical harm to persons or property. I find it difficult to imagine somebody dealing with, being involved with this much heroin with the news that it's everywhere in our society about the results of the use of heroin, including the increase in the number of deaths caused by overdose

of this drug, which you can't have some expectations of causing physical harm to persons.

Regarding both of the cases, the Defendant at the time he committed the offense was on post-release control for an earlier offense.

As to Case 14-CR-0260, the Defendant was out on bail awaiting trial in Case 14-CR-0126 when he committed that offense.

He does have a history of criminal convictions. He has not responded favorably to sanctions previously imposed; and based upon the statements that the Defendant made in the presentence report, I find no genuine remorse for the offenses.

As to recidivism, the Defendant has not been adjudicated a delinquent child in the past. The Defendant does not have a military service record to consider. He scored very high on the Ohio Risk Assessment survey.

Case 14-CR-0126 is a felony of the fifth degree; however, the mandatory community control under 2929.13 does not apply because of the prior felony convictions. 14-CR-0260 is a felony of the second degree. It does carry a mandatory sentence.

As indicated in the Defendant's criminal history, there are two prior convictions for trafficking in drugs, three prior convictions for possession, prior convictions for felonious assault. In five of those cases, the Defendant was given a prison sentence; and the Court does note that the felonious assault and aggravated possession of drugs in 2004 happened at

about the same time as was the possession of crack cocaine. Defendant having been placed on community control in 1999, the Court notes as to financial sanctions imposed in all of these cases, it appears the Defendant did not pay any of those financial sanctions, at least did not pay any of them in full.

**{¶ 19}** After imposing sentence in each case, the court noted as follows:

It's further the order of the Court that these sentences in Case 14-CR-0126 and 14-CR-0260 be served consecutively. The Court finds consecutive service is necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger it poses to the public. The Court also finds the Defendant committed one or more offenses while awaiting trial for sentencing and was under post-release control for a prior offense. Further, the Defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the Defendant.

**{¶ 20}** Martin's judgment entries of conviction in both cases further reflect that the court made the necessary findings to impose consecutive sentences. Accordingly, we conclude that Martin's third potential assignment of error lacks merit.

**{¶ 21}** Having reviewed the entire record pursuant to our obligation under *Anders*, we conclude that Martin's appeal is wholly frivolous. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Jennifer D. Brumby
Dontrae Martin
Hon. Richard J. O'Neill